[Nos. 12672, 12707. In Bank.—August 5, 1889.]

## ANNIE TURNER, RESPONDENT, v. JOSEPH S. TURNER, APPELLANT.

DIVORCE — ALIMONY — COUNSEL FEES — DISCRETION. — In an action for a divorce, the court has discretion to require the husband to pay alimony and counsel fees to the wife pending the suit; but such discretion is not an arbitrary power, and must be exercised in view of the circumstances and necessities of the several parties, and the pecuniary ability of the husband. *Held*, that, under the circumstances of this case, the allowance of fifty dollars a month alimony, and five hundred dollars counsel fees was excessive, and an abuse of discretion, the defendant's burdens and necessities being greater, and his means and ability to sustain them being less, than are the plaintiff's.

APPEAL from orders of the Superior Court of Inyo County granting alimony and counsel fees.

The facts are stated in the opinion of the court.

*P. W. Forbes, George M. Gill*, and *A. C. Ellish*, for Appellant.

*John W. P. Laird*, and *A. R. Conklin*, for Respondent.

BEATTY, C. J.—These are appeals from orders granting the plaintiff alimony and counsel fees pending a suit for divorce.

Her action is upon the ground of cruelty, and there is a cross-action by the defendant upon grounds of cruelty and desertion.

The motion for alimony was based upon the pleadings, and upon an affidavit of the plaintiff, in which she alleges in the most general terms that she is in bad

health, unable to labor and earn a living, in indigent circumstances, and without money or other means to support herself and carry on her suit.

*On information and belief,* she charges that the defendant is possessed of large means.

All her allegations are so vague and general as to render it very doubtful if perjury could be assigned upon any one of them, however false they may be.

In opposition to her motion, the defendant filed his own affidavit, supported by those of seven witnesses,— apparently disinterested, and well informed as to the matters in dispute,—from which and from the pleadings it is made to appear that the plaintiff is in good health; that there are six children of the marriage, the eldest being thirteen and the youngest three years of age; that before commencing her action for divorce, she induced the defendant to convey to her the quarter-section of land upon which they had their family residence; that she thereupon turned the defendant and four of the children out of doors, allowing only two of the younger ones to remain with her; that she has since been in receipt of an income of from eight hundred to one thousand dollars per annum, rents of said quarter-section, exclusive of the dwelling-house, which she retains for her own use. One of the affiants swears that he has recently purchased from plaintiff hay to the value of $324, of which sum $174 remain due, which he has been and is willing to pay, but the plaintiff has frequently told him she does not need it.

The defendant sets out a list of all of his personal property, consisting of stock of the value of seven hundred dollars, and farming implements of the value of five hundred dollars, and fifty dollars in money; all absolutely necessary to enable him to carry on his farm and support himself and the four children under his care. The affidavits of the other witnesses show that the land owned by defendant, and in his possession, is

much less valuable and productive than the homestead quarter-section, which is in the possession of and claimed by the plaintiff.

These affidavits filed by and on behalf of the defendant, including his cross-complaint, may be altogether false, but they contain many specific statements of fact, which if false would sustain charges of perjury, and which, in the absence of any denial or rebutting evidence, must be accepted as true.

So regarded, they show that the defendant's burdens and necessities are greater, and his means and ability to sustain them less, than are the plaintiff's.

The court, however, without any findings of fact, ordered the defendant to pay to the plaintiff fifty dollars a month for her support pending the action, and made a further order that he pay to her attorneys five hundred dollars counsel fees, within ten days from the date thereof, *and rendered judgment therefor.*

From this order the defendant appealed. Two days after service of his notice of appeal, the court amended or modified the order so appealed from, by directing payment of the five hundred dollars to the plaintiff, to enable her to prosecute the action. This amendment seems to have been made to meet the objection to a similar order in the case of *Sharon* v. *Sharon,* 75 Cal. 1.

From the order so amended, the defendant again appealed, and these are the two appeals which we are considering together.

A number of points are made and fully argued by appellant in support of his appeals. The respondent has offered no argument in reply. Under the circumstances, we feel indisposed to discuss or to decide any point a decision of which is unnecessary, and as the whole matter may be disposed of upon the ground that the showing on the part of the plaintiff was insufficient to justify the original order, we shall rest our decision upon that ground alone.

It is provided by section 137 of the Civil Code, that "when an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

There is nothing new in this provision of the code, and the discretion with which it invests the court is not an arbitrary power, but is the same legal discretion exercised by courts having jurisdiction of the action of divorce antecedent to and independent of express statutory authority. It is a discretion to be exercised in view of the circumstances of the parties, their several necessities, and the pecuniary ability of the husband. A sum absolutely small may be relatively excessive, and where, as in this case, the wife is plaintiff, where she has possession of the homestead, where she has burdened herself with but two out of six young children; where her property, or that which she enjoys the use of, is more valuable and productive than the husband's, and where, as above stated, it appears that his burdens and necessities are greater, and his means less, than hers, it is an excess of any discretionary power of the court to award temporary alimony.

The orders appealed from are reversed.

WORKS, J., PATERSON, J., SHARPSTEIN, J., FOX, J., and THORNTON, J., concurred.