[18081.   Department One. — May 20, 1893.]

GEORGE MUDD, APPELLANT, *v.* MARTHA A. L. MUDD, RESPONDENT.

DIVORCE — ALLOWANCE OF ALIMONY — POWER OF COURT — EX PARTE ORDER — NOTICE. — Under section 137 of the Code of Civil Procedure, providing that "the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action" of divorce, the court has power to order the payment of any reasonable sum for alimony and counsel fees, *ex parte*, without any previous notice to the husband. Where, however, the court chooses to give notice, it may be of such length as the court sees fit.

ID. — COUNSEL FEES — IMPROPER ALLOWANCE. — The object of section 137 of the Code of Civil Procedure is to enable the wife to properly present her cause of action or defense to the court, and if she can do this, either by reason of the fact that she has a sufficient separate estate, or has the custody and management of a sufficient portion of the community property, or if her attorney has made an agreement with her to take charge of her case for a definite amount of money, or gratuitously, it is error for the court to make an order for the payment of counsel fees.

ID. — ORDER TO SHOW CAUSE — RIGHTS OF HUSBAND — GRATUITOUS SERVICES OF COUNSEL. — Where the trial court, upon an application by a wife for alimony and counsel fees, orders the husband to show cause upon a specified date why the application should not be granted, and the husband appears in pursuance thereof, he has a right to be heard upon all matters pertaining thereto ; and it is error for the court to refuse to allow the husband to prove that the wife had an agreement with her attorneys whereby they were to charge and receive nothing for their services in the action.

APPEAL from an order of the Superior Court of Glenn County, granting alimony and counsel fees.

The facts are stated in the opinion of the court.

*H. M. Albery*, for Appellant.

*Donohoe & Keys*, for Respondent.

HARRISON, J.—The appellant brought this action for a divorce from the defendant, and, on the 19th of March, 1892, after the defendant had appeared in the action, but before she had answered the complaint, she made an application to the court for an order directing the appellant to pay to her temporary alimony pending the suit, and also a certain amount of money, "as counsel fees and court costs." The court thereupon made an order directing the appellant to appear before it on the twenty-second day of March and show cause why the defendant's application should not be granted. On that day the plaintiff appeared and objected to the hearing of the application for the reason that a notice of five days had not been given him, and upon this objection being overruled, asked for a postponement of the hearing on account of the necessary absence of his attorney, in support of which he filed the affidavits of himself and also of his attorney. The court denied this motion, and thereupon, under his objection, proceeded to a hearing of the application, and at its close made an order directing him to pay to the defendant "the sum of seventy-five dollars per month during the pendency of this action, as temporary alimony, and the further sum of three hundred dollars as counsel fees and costs for the defense of said action." From this order the plaintiff has appealed.

1. It was not necessary for the court to give to the appellant any notice of the defendant's application. Section 137 of the Code of Civil Procedure provides that "the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." This order may be made without any previous notice, and in practice is usually made *ex parte*. It is to be presumed that the court will exercise a wise discretion in determining the amount to be paid, fixing it according to the needs of the wife, and having also due regard to the ability of the husband to comply with the order it may make. (*Turner* v. *Turner*, 80 Cal. 141.) If for any reason the order is made improvidently, the court will listen to any applica-

tion of the husband to set it aside, or for its modification. Presumptively the community property is under the control and in the hands of the husband, and the court needs only to be advised of his ability to pay such an amount as may be needed for a proper defense by the wife, in order that for the purposes of the litigation the parties may be upon an equal footing. The giving notice to the appellant in the present case was a favor on the part of the court, and the court could make the notice of such length as it chose. As the defendant did not have a right to any notice, the provisions of section 1005 of the Code of Civil Procedure have no application.

2. Upon the hearing of the application the appellant sought to prove that the defendant had an agreement with her attorneys whereby they were to charge and receive nothing for their services in this action. The defendant objected to any evidence of this fact, on the ground that it was irrelevant, incompetent, and immaterial, and the objection was sustained.

The object of the above section of the code is to enable the wife to properly present her cause of action or defense to the court, and if she can do this, either by reason of the fact that she has a sufficient separate estate, or has the custody and management of a sufficient portion of the community property, the court would not exercise a proper discretion in directing the husband to defray her expenses in the action. So, too, if her attorney has made an agreement with her that he will take charge of her case in court for a definite amount of money, or gratuitously, the necessity of calling upon the husband for money therefor is removed. In *Sharon* v. *Sharon,* 75 Cal. 1, it was held that when it was shown that an attorney had made an agreement to prosecute an action for divorce for a definite amount of money, it was error for the court, in the absence of any testimony showing that he was not able or willing to properly conduct the suit, to make an order for the payment of any counsel fees. In that case it was said (p. 42): "If it had appeared at the hearing of the motion that Mr. Tyler, actuated solely by a desire to vindicate justice and the good name of the plaintiff, had promised to prosecute the action without compensation, that he was fully competent and had prosecuted it, the circumstances would show that she had no necessity for money

to pay counsel.    The question is not whether as between the parties counsel ought to be paid, but whether the wife has need of money to prosecute her action."

Although the court could have made the order *ex parte*, yet after it had directed a notice to be given to the plaintiff of the defendant's application, and he had appeared in pursuance thereof, he had a right to be heard upon all matters pertaining thereto.    It would be unseemly and inconsistent with judicial propriety to direct him to show cause why the application should not be granted, and upon his offer in response thereto to show matters which, if true, would be a sufficient cause, refuse to hear him.    The evidence offered on behalf of the plaintiff was relevant to the issue pending before the court, and should have been received.

That portion of the order directing that the plaintiff pay to the defendant the sum of three hundred dollars as counsel fees and costs is reversed, and the other portions of the order are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.