[L. A. No. 12320. In Bank.—June 15, 1932.]

MILDRED AVERY ARNOLD, Respondent, v. LESLIE PHILIP ARNOLD, Appellant.

Stephen H. Underwood and Harry A. Houser for Appellant.

Doyle, Clark, Thomas & Johnson for Respondent.

THE COURT.—Appeal by defendant husband from an order granting temporary allowance during the pendency of an action for separate maintenance and support and awarding costs and attorney's fees.

After setting forth the necessary jurisdictional fact of residence the complaint alleges that the appellant has refused to live with respondent and for more than a year last past has failed, neglected and refused to support her. The parties were married in the state of New York in 1917, and appellant is alleged to have deserted respondent in 1918. No community property is involved and there is no issue of·the marriage. The order appealed from was made and entered in response to an order, issued upon the verified complaint and affidavit of respondent, directing appellant to show cause why a temporary allowance should not be granted to the respondent. The defendant had already appeared and filed an answer. The order to show cause was heard on the complaint and said answer, the affidavit of respondent, and the oral testimony of the appellant. At the conclusion of the hearing the lower court made its order directing the appellant to pay to the respondent $75 forthwith, and $75 a month thereafter for her support until the further order of court, together with $50 for costs and $100 for attorneys' fees. At the request of the respondent the appeal was submitted on the appellant's brief alone.

In support of a reversal the appellant advances but two points, viz.: That the complaint does not state facts sufficient to constitute a cause of action and that the order based thereon is therefore of no effect; and that the trial court prejudicially erred in rejecting evidence offered by the appellant to show lack of financial ability to comply with the court's order and the ability of the respondent to maintain herself independently of appellant.

 We find merit in the appellant's second contention. Section 137 of the Civil Code provides that during the pendency of an action for permanent support and maintenance the court ''may, in its discretion, require the husband . . . to pay as alimony any money necessary for the prosecution of the action and for support and maintenance. . . . '' The court under its power might have made an *ex parte* order therefor. Instead of doing so it directed that the appellant show cause why such an order should not be made and it was in response to this order that the appellant was called as a witness on behalf of the plaintiff and was examined by plaintiff's counsel. Inspection of the

transcript discloses that at the conclusion of the appellant's direct examination the trial court refused to permit the appellant, on cross-examination, or otherwise, to introduce any evidence as to his financial inability to meet any order that might be made. The record discloses the following as illustrative of the trial court's attitude: "Mr. Houser: Q. Just a minute, Mr. Arnold. Do you owe any money? A. Yes, sir. Q. How much? The Court: I don't care anything about that. . . . Mr. Underwood: If the Court please, won't we be allowed to show what money the man is earning and things of that kind? The Court: No; when a man comes into court that man will be required to pay counsel fees for his wife, and the order will be made requiring him to pay the sum of $100 on account for attorney's fees and $75 a month for alimony. . . . " It is manifest that the trial court erroneously and arbitrarily precluded the appellant from introducing evidence on the main point in issue.

Evidence pertaining to the appellant's financial condition and his inability to meet the requirements of the trial court's order should have been admitted. As has been said by this Court: "Although the court could have made the order *ex parte,* yet after it had directed a notice to be given to the plaintiff of defendant's application, and he had appeared in pursuance thereof, he had a right to be heard upon all matters pertaining thereto. It would be unseemly and inconsistent with judicial propriety to direct him to show cause why the application should not be granted, and upon his offer in response thereto to show matters which, if true, would be a sufficient cause, refuse to hear him. The evidence offered on behalf of the plaintiff was relevant to the issue pending before the court, and should have been received." (*Mudd* v. *Mudd,* 98 Cal. 321, 323 [33 Pac. 114, 115]; see, also, *Turner* v. *Turner,* 80 Cal. 141, 144 [22 Pac. 72].) The rule is well stated in 1 Cal. Jur. 965, section 19, as follows: "But discretion of the trial court in allowing alimony pending suit is not arbitrary; it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the *financial ability of the husband.*"

The conclusion we have reached makes it unnecessary that we consider the appellant's remaining contention.

The order appealed from is reversed.