[L. A. No. 19320. In Bank. June 21, 1946.]

MERLE E. SWEELEY, Appellant, v. RUTH M. SWEELEY, Respondent.

E. O. Leake and J. J. Leake for Appellant.

Zagon, Aaron & Sandler, Roy Sandler and Robert Kingsley for Respondent.

SCHAUER, J.—Plaintiff husband appeals from an order which directs him to pay $225 monthly for the support of defendant wife and the minor child of the parties pending litigation of an action for divorce instituted by plaintiff. The order also awards custody of the child to defendant and provides that "Both parties are restrained from disposing of any *community* property, real or personal, or cash pending trial, except that defendant may pay her own counsel fees out of the community funds and plaintiff may make deposits and withdrawals in the normal course of business and for his normal living expenses." (Italics added.) A comparatively substantial part of the property acquired by the parties during their marriage consists of cash and furniture which are in the possession and under the control of the wife in Illinois and which, upon the record before us, appear to be the *separate property of the husband.* This property, therefore, is not covered by the order appealed from. For the reasons hereinafter delineated such order must be reversed.

The general principles which govern the propriety of an award of temporary support and suit money are well established. Section 137 of the Civil Code provides that "When an action for divorce is pending, the court may, *in its discretion,* require the husband . . . to pay as alimony any money *necessary* to enable the wife . . . to support herself and her children . . . or to prosecute or defend the action." (Italics added.) On the wife's application for such an award there must be a prima facie showing of three things: The existence of the marriage, the needs of the wife, and the ability of the husband to pay. (*Locke Paddon* v. *Locke Paddon* (1924), 194 Cal. 73, 81 [227 P. 715]; *Arnold* v. *Arnold* (1932), 215 Cal. 613, 615 [12 P.2d 435]; 1 Cal.Jur. § 14, p. 958.) The circumstances of the parties, including the property which each possesses, their respective incomes and earning abilities, as well as their needs, are to be con-

sidered in determining the necessity and amount of temporary alimony. (*Falk* v. *Falk* (1941), 48 Cal.App.2d 780, 788 [120 P.2d 724]; *Howton* v. *Howton* (1942), 51 Cal.App. 2d 323, 325 [124 P.2d 837]; 1 Cal.Jur. §§ 30-32, pp. 977-980.) As stated in *Mudd* v. *Mudd* (1893), 98 Cal. 320, 322 [33 P. 114], the object of section 137 of the Civil Code "is to enable the wife to properly present her cause of action or defense to the court, and if she can do this, either by reason of the fact that she has a sufficient separate estate, or has the custody and management of a sufficient portion of the community property, the court would not exercise a proper discretion in directing the husband to defray her expenses in the action." To the same effect is *Turner* v. *Turner* (1889), 80 Cal. 141, 144 [22 P. 72]. But the wife's possession of property is only one circumstance to be considered in determining the necessity of the award; the court may award temporary alimony and suit money where the wife has property which produces no income and which is of a value comparatively small in the light of the husband's circumstances, rather than require the wife to exhaust her capital in order to live and to prosecute or defend the divorce action. (*Westphal* v. *Westphal* (1932), 122 Cal.App. 379 [10 P.2d 119], and cases there digested; 1 Cal.Jur. § 21, p. 968.)

The following evidence relevant to determination of the necessity of the award was before the trial court in this case: Prior to their separation in June, 1942, plaintiff and defendant lived in Chicago, Illinois, in a home which, with its furnishings, was purchased with plaintiff's earnings. Plaintiff is a physician and surgeon. During the time he lived in Chicago with defendant he earned from $17,000 to $20,000 yearly. In December, 1942, plaintiff left Chicago. He established residence in California and in October, 1943, started to practice here. In October, 1944, he instituted this action for divorce on the ground of extreme cruelty.

The wife and the minor child of the parties (a boy 9 years old) continue to reside in Chicago. Prior to the commencement of this action the wife sold first the home and then a portion of the furnishings. She deposited the proceeds of the sales, $7,223, in an Illinois bank in her name. She used part of this sum for necessary expenses. Fifty-eight hundred dollars remains on deposit in her name in Illinois. The unsold furniture is stored in Chicago under her name. Illinois is not a community property state. (II Vernier, American Family

Laws, pp. 219, 239; III *id.*, p. 353.) Obviously since the $5,800 and the furniture are the transmutation of the husband's earnings in Illinois they cannot be community property. (*Estate of Thornton* (1934), 1 Cal.2d 1 [33 P.2d 1, 92 A.L.R. 1343].) Nothing to the contrary appearing we must assume, for the purpose of this appeal only, that they are separate property of the husband, who has given the wife temporary possession and control thereof. Defendant assertedly has no income except what she receives from plaintiff, no property except an automobile, and is physically unable to work. According to her affidavit the necessary monthly expenses of defendant and the child are $359.50.

Plaintiff's total business, cash and charge, during the eleven months immediately preceding the hearing was $16,596; his total cash receipts were $10,872; his total business expenses were $5,807. His average monthly net cash receipts were, therefore, $460.45. His assets consist of professional equipment of a value of about $2,000, an automobile, about $100 cash, accounts receivable in an amount which does not exactly appear, an insurance policy of $25,000 face amount on which he pays premiums of $101 monthly, and his interest in the bank accounts and furniture in Illinois. According to his affidavit his necessary monthly expenses are $331.

From the testimony of the husband the trial court was justified in concluding that plaintiff himself was not entirely certain whether the better course pending trial of the divorce action would be to preserve the $5,800 of which the wife has possession intact for the benefit of the child or to require defendant to use it for the support of herself and the child. Plaintiff's testimony in this regard is as follows: "Q. Now, Doctor, isn't it a fact that you told Mrs. Sweeley, or her attorney, that this money that she got from the house, that it could be set aside for the boy? A. That was talked, but never was anything done about it. . . . No agreement was ever made on that. . . . I didn't say she could keep it, I said it should be set aside for him and without her having anything to do with it. . . . Q. You are willing that your wife may use so much of this money on hand as may be necessary . . . for support at the present time? A. Yes. Q. You would rather have her do that than set it aside for the boy? . . . A. It should be set aside for him. Q. And if that is done, then you will have to contribute to her support, will you not?

A. Pardon me, she has already used part of this, and I would rather make provision for the care of my son later on than to set aside what might be left of the original amount at the present time.'' The only testimony of defendant wife in this connection is as follows: ''Q. Did you ever have any discussion with Dr. Sweeley about this money, that is, the proceeds of the house, as to what was to be done with it? . . . A. I did not directly, no. Q. Was it ever discussed in your presence? A. Not in my presence.''

At the close of the hearing the trial court informally stated (but the order actually entered in writing in the minutes, hereinabove quoted, is materially different from this statement), ''Both parties are restrained from disposing of any of the property, either real or personal or community, in their possession, pending the time of trial, with the following exceptions: The defendant is directed to pay reasonable attorneys' fees to her own counsel out of the funds in her possession. The plaintiff may make deposits and withdrawals in the normal course of business and for his living expenses out of the funds in his possession.'' From this informal oral statement it would appear that the trial court was then of the tentative view that the $5,800 should be preserved, except for payment of the wife's counsel fees necessary to her defense of the action. The contentions of the parties on this appeal seem to be based on the assumption that the effective order as entered coincides with such tentative oral statement. But the order actually entered and appealed from is not to that effect. It restrains defendant from disposing *only of community property* ''except that defendant may pay her own counsel fees out of the community funds.'' So far as the record shows, defendant has no community funds. The effect of the order is to require plaintiff to pay $225 monthly for the support of defendant and the child out of his monthly net cash receipts of $460.45 (he is restrained from resorting to his relatively meagre community assets other than cash income) and at the same time to leave defendant in possession and control of $5,800 which, so far as appears, is or was the separate property of plaintiff and which defendant is left free to use for any purpose she chooses.

■ ■ It is true that the trial court has a substantial range of discretion in determining whether support and suit money pendente lite are necessary and that the amount found necessary will not be disturbed on appeal unless an abuse of

discretion clearly appears (*Comey* v. *Comey* (1937), 8 Cal. 2d 453 [66 P.2d 148] ; *Falk* v. *Falk* (1941), *supra*, 48 Cal. App.2d 780, 788; 1 Cal.Jur. § 19, p. 964) but where, as here, it does clearly appear that the trial court, either from a misapprehension of the effect of its order (as seems probable), or otherwise, requires payments which are not shown to be necessary and which, in view of all the circumstances, including the substantial amount of cash in the possession and control of defendant, are manifestly disproportionate to the needs and assets of the respective parties, the order cannot be sustained as an exercise of sound judicial discretion. (*Gossman* v. *Gossman* (1942), 52 Cal.App.2d 184, 194-195 [126 P.2d 178].)

For the reasons stated the order appealed from is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Respondent's petition for a rehearing was denied July 18, 1946.