[Civ. No. 13696.   First Dist., Div. One.   July 26, 1948.]

MARGARET FALLON, Respondent, v. FREDERICK A. FALLON, Appellant.

John G. Reisner for Appellant.

Jack Flinn and John A. Foley for Respondent.

BRAY, J.—Defendant appeals from an order and judgment of the superior court directing him to pay plaintiff costs and the sum of $500 for attorney's fees, to defend an appeal perfected by defendant from a judgment denying him a divorce on his cross-complaint.[1]

The sole contention is that the court had no evidence before it upon which to base its order. After the appeal from the

---

[1](The latter appeal was determined by this court adversely to defendant in *Fallon* v. *Fallon,* 83 Cal.App.2d 798 [189 P.2d 766].)

judgment denying defendant a divorce was perfected, plaintiff obtained an order requiring defendant to appear and show cause why he should not be required to pay alimony pendente lite, attorney's fees to enable plaintiff to resist the appeal, and the costs of appeal. (The application for alimony was dropped from the calendar.)

Accompanying the order to show cause and filed in the proceeding was the affidavit of plaintiff in which she stated "That your affiant is without funds to maintain and support herself or to pay her attorney fees and court costs incident to defending the appeal. . . ." This was the only showing made by plaintiff as to her financial condition. As to the financial condition of defendant, she stated that he was a man of considerable wealth, totaling approximately $500,000, with a monthly income of approximately $1,500 per month. Defendant now contends that thereby plaintiff failed to show that she did not have resources sufficient to pay her own attorney's fees and costs. ■ The rule is well stated in the extract chosen by plaintiff from the opinion in *Loeb* v. *Loeb,* 84 Cal.App.2d 141 [190 P.2d 246], where at page 148, the court says: "As previously stated, the grant or denial of pendente lite allowances of temporary alimony and suit money rests in the sound discretion of the trial court. However, that discretion should not be exercised arbitrarily. (*Sweeley* v. *Sweeley,* 28 Cal.2d 389, 394 [170 P.2d 469]; *Turner* v. *Turner,* 80 Cal. 141, 144 [22 P. 72]; *Smith* v. *Smith,* 147 Cal. 143, 145 [81 P. 411].) The wife seeking these awards must establish her necessity for them. Such necessity may be proved only by showing that her need for proper support and the expenses of the litigation exceed her available resources. This means that the trial judge must be informed in detail not only as to her needs (*Tremper* v. *Tremper,* 39 Cal.App. 62, 66 [177 P. 868]), but also as to her resources. (Cf. *Kenney* v. *Kenney,* 220 Cal. 134, 138 [30 P.2d 398]; *Busch* v. *Busch, supra,* 99 Cal.App. 198, 201 [278 P. 456].)" While the Loeb case refers to attorney's fees and costs on the main case, the rule is the same as to fees and costs on appeal.

■ While the showing in the affidavit was a meager basis for an award (*Smith* v. *Smith,* 147 Cal. 143 [81 P. 411]), no objection was made to that showing, nor any contention made that her statement that she was without funds was not the statement of an ultimate fact rather than a conclusion. "The appellant contends that plaintiff's affidavit is incompetent evidence for the reason that it contains averments which are

hearsay and which amount to mere conclusions. Even conceding that many of the averments of the affidavit are conclusions or hearsay, they became competent evidence for the reason that they were admitted without objection. (Sec. 2009, Code Civ. Proc.; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461 [168 P. 1037]; *Soares* v. *Ghisletta,* 1 Cal.App.2d 402 [36 P.2d 668].)'' (*Falk* v. *Falk,* 48 Cal.App.2d 780, 789 [120 P.2d 724].)

Moreover, it is apparent from an examination of the record that the position of the defendant in the trial court was that defendant had affirmatively shown that plaintiff did have sufficient resources to pay her own fees and costs, and hence was not entitled to an award, rather than that plaintiff had failed to show her need and her resources. Somewhat typical of the manner in which the hearing went on is the following extract from the record: ''THE COURT: What do you have to say to that, Mr. Reisner [attorney for defendant]? Five hundred dollars for the opposition to the appeal? MR. REISNER: I think that really should include the costs.'' When the hearing of the order to show cause started, plaintiff called defendant to the stand and he was sworn. No testimony was given, however, as the entire hearing consisted of discussions between counsel and the court plus the offer of an affidavit by defendant.

After some discussion as to the size of the transcript on appeal, and the fact that plaintiff's attorney had already been allowed $1,000 attorney's fees in the main case, defendant's attorney stated the substance of defendant's affidavit which was to the effect that plaintiff was employed as a practical nurse earning at least $8.00 a day, and that the defendant had deposited with the clerk of the court to be paid over to plaintiff on the determination of the appeal the sum of $3,500, which was to pay the $1,000 attorney's fees theretofore allowed, and the sum of $2,500, which the court had allowed as alimony for a limited period.

It is apparent that the only contention of defendant made to the court was that a woman making around $8.00 a day, having an additional $2,500 coming to her at the termination of the appeal, and having already been allowed $1,000 attorney's fees on the trial of the case, was not entitled to attorney's fees and costs on the appeal. Applying the rule in the Loeb case to the facts before the trial court, it was informed of plaintiff's need of counsel fees and costs on the appeal, and that the expense thereof exceeded her

available resources. While her resources perhaps were not given in as great detail as might be, the manner in which counsel on both sides presented the matter prevented and obviated going into full detail. The court did know the extent of plaintiff's resources, which were her earnings as a practical nurse, and a stated sum to be received when the appeal was determined. It cannot be said that the court abused its discretion in refusing to require a woman with such limited resources to pay her own attorney's fees and costs to resist an appeal by her wealthy husband, and in requiring him to pay them. ". . . the law does not require a wife to have recourse to her own resources first, to the impairment of the capital of her own separate estate." (*Westphal* v. *Westphal*, 122 Cal.App. 388, 390 [10 P.2d 122].) In *Heck* v. *Heck*, 63 Cal.App.2d 470 [147 P.2d 110], the court allowed attorney's fees to the wife of a husband having an estate of more than $200,000, even though the evidence disclosed that she had a separate estate of the value of about $10,000 from which she derived income. There, as here, "the ability of [the husband] to respond to the order was fully established." (P. 476.)

The order and judgment are affirmed.

Peters, P. J., and Ward, J., concurred.