[Civ. No. 15336.   First Dist., Div. One.   Jan. 28, 1953.]

GLENN FRAZIER, Respondent, v. MARGARET FRAZIER,
Appellant.

Alfred E. Graziani and Raymond N. Baker for Appellant.

A. F. Bray, Jr., and John F. Baldwin for Respondent.

PETERS, P. J.—This appeal grows out of an order made after the final judgment involved in *Frazier* v. *Frazier*, 1 Civ. 15207, this day decided (*ante*, p. 551 [252 P.2d 693]).

On the day the notice of appeal from the judgment was filed appellant petitioned for alimony and for support of her son pending the appeal, and for costs and counsel fees on the appeal. Subsequently appellant abandoned her motion

for alimony, the respondent agreed to comply with the child support order, the parties were restrained from disposing of the community property pending the appeal, costs on appeal were granted appellant, and the motion for counsel fees was dropped from the calendar. Later appellant filed a second notice of motion for counsel fees, supported by affidavits averring that she believes her appeal to be well-founded, that she has no funds to pay her counsel, that she is recovering from a serious operation and is making an effort to secure employment, that respondent earns $120 a week and has other income, and is able to pay. No counteraffidavits were filed. The motion was granted, the court awarding appellant $150 for such counsel fees. From this order the wife appeals, contending that the award is inadequate as a matter of law.

In the divorce proceeding the trial court found that respondent earns $112 take-home pay a week. During that trial the husband first paid $150 on account of counsel fees to the wife, and then the parties stipulated that counsel fees for both parties would be paid out of a certain savings account prior to the division of community property. By its decree the court awarded counsel for the wife an additional $350, thus making a total fee of $500. Similar fees were awarded counsel for the husband. It should also be mentioned that community property totalling $9,640.56 was divided, $5,205.28 to the husband and $4,435.28 to the wife. In addition, the husband was ordered to continue payments on a designated insurance policy for the benefit of the wife and children. The husband was required to pay $75 a month for the support of his son, and by stipulation this payment has continued during the pendency of this appeal.

■ There can be no doubt, of course, that a wife, in a proper case, is entitled to obtain counsel fees for the prosecution or defense of an appeal in a divorce action. Section 137.3 of the Civil Code, which was effective when the last affidavit was filed and when the minute order was made, reads as follows: "During the pendency of any action for divorce or for separate maintenance, or for the support, maintenance or education of children, the court may order the husband or wife or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees. Any such order may be enforced by the court by execution or by such order or orders as, in its discretion, it may from time to time deem necessary." The cases have fully enforced this right, even to

the extent of holding that the award should be made even if the wife has some moderate amount of capital. (See, as typical, *Fallon* v. *Fallon*, 86 Cal.App.2d 872 [195 P.2d 878]; *Baldwin* v. *Baldwin*, 28 Cal.2d 406 [170 P.2d 670]; *Kyne* v. *Kyne*, 74 Cal.App.2d 563 [169 P.2d 272].) But it is well settled that the amount of such award rests largely in the discretion of the trial court. ■ The rule is stated as follows in *Wilder* v. *Wilder*, 214 Cal. 783, 785 [7 P.2d 1032]: "A reviewing court is not authorized to revise the lower court's judgment even if it should be of the view that it would have dealt more liberally with the appellant had the matter been submitted to its judgment in the first instance. A clear abuse of discretion only will justify its interference with the judgment of the trial court." (See, also, *Kyne* v. *Kyne*, 74 Cal.App.2d 563 [169 P.2d 272]; *Smith* v. *Smith*, 85 Cal.App.2d 428 [193 P.2d 56]; *Sweeley* v. *Sweeley*, 28 Cal.2d 389 [170 P.2d 469]; see cases collected 3 Cal.Jur. p. 718, § 114.) In *Bailey* v. *Bailey*, 60 Cal.App.2d 291 [140 P.2d 693], the court had awarded the wife $500 for attorney's fees during the trial, the precise amount here allowed. Later the court awarded but $50 for such fees on appeal. The appellate court held that in exercising its discretion in fixing the amount of such fees on appeal, the trial court could properly consider the amount already awarded at the trial. At page 297 the court stated: "With regard to the question of attorney's fees, the record reveals that counsel had been awarded a total of $500 as attorney's fees, which fact the court in all probability took into account in fixing [at $50] attorney's fees for the appeal. In the circumstances, notwithstanding the opportunity for a difference of opinion with respect to such matters, the showing is insufficient to warrant any interference with such order on appeal."

■ That rule is applicable here. The trial court had already awarded counsel for appellant $500. In addition, it had divided substantial community property almost equally between the parties. The court was also permitted to consider the fact that at the trial appellant had testified that she had fully recovered from her operation and felt fine. Nevertheless, she had not secured employment. While the award here granted is very small, and perhaps smaller than we would have granted under the circumstances, we cannot say that in making the award the trial court abused its discretion.

The order appealed from is affirmed.

Wood (Fred B.), J., and Dooling, J. assigned, concurred.