[L. A. No. 22517.   In Bank.   Mar. 4, 1954.]

GERTRUDE M. HALL, Respondent, v. PEIRSON M. HALL, Appellant.

436

Sheppard, Mullin, Richter & Balthis, James C. Sheppard and Richard B. Hoegh for Appellant.

Moore, Trinkaus & Binns and Henry T. Moore for Respondent.

EDMONDS, J.—Peirson Hall has appealed from that part of an interlocutory decree which ordered him to pay alimony and the fees of Mrs. Hall's attorneys. He also questions the validity of an order requiring him to pay the cost of printing her brief on the appeal and $200 as attorneys' fees in connection therewith.

Pursuant to their stipulation, the decree divided the community property of the parties, compels Hall to pay $100 per month for the support of a minor child and to maintain in force certain insurance policies upon his life. In addition, he is ordered to pay $350 per month for the support of Mrs. Hall and $750, in monthly installments, as the fees of her attorneys.

Hall moved for a new trial upon the ground that the allowance of support and maintenance was unreasonable and excessive. He also moved to vacate the judgment and enter a different judgment upon the ground that the conclusion of law requiring the payment of support and maintenance was neither consistent with, nor supported by, the findings of fact. Both motions were denied.

█ Mrs. Hall urges that the appeal, because filed more than 60 days after the entry of the decree (Rules on Appeal, rule 2[a]), was not timely and must be dismissed. Although recognizing that either of the motions made by Hall, if proper, would extend the time within which an appeal may be taken (Rules on Appeal, rules 3[a] and 3[b]), she contends that neither of them lies to review that portion of a decree of divorce which awards alimony. She relies upon the settled rule that a motion for a new trial which is not authorized by statute does not toll the running of the time within which an appeal must be taken (*Reeves* v. *Reeves,* 34 Cal.2d 355, 359 [209 P.2d 937]) and argues, by way of analogy, that the same rule should obtain when a motion to vacate a judgment is made improperly.

█ A new trial is defined by section 656 of the Code of Civil Procedure to be "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee." This section must be read in conjunction with section 590 of that code which declares that an issue of fact arises upon "a material allegation in the complaint controverted by the answer." (*Harper* v. *Hildreth,* 99 Cal. 265, 270 [33 P. 1103].) The decisive question here presented is whether the allowance of support and maintenance constitutes the determination of an "issue of fact" within the meaning of these code provisions.

In *Hunter* v. *Hunter,* 111 Cal. 261 [43 P. 756, 52 Am.St. Rep. 180, 31 L.R.A. 411], the husband sought to annul his marriage. Judgment was for the wife, and the court awarded counsel fees to her pursuant to section 137 of the Civil Code, which at that time provided: "When an action for divorce

is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." A motion for a new trial, on the ground, *inter alia*, that counsel fees should not have been allowed, was denied.

As then allowed by statute, the husband appealed from the order denying a new trial; he also noticed an appeal from the judgment. "As the appeal from the judgment was taken too late," the court said, "we cannot consider the objections to the allowance of alimony." The appeal was dismissed and the order denying a new trial affirmed. "The allowance of alimony is an incident to an action for a divorce," said the court, "and, although the determination as to its allowance may involve a controversy as to facts, it is not the trial of an issue in the case. It may be before or after trial." (P. 269.)

This principle was followed by the District Court of Appeal in two later cases in which there had been an allowance of permanent support and maintenance pursuant to section 139 of the Civil Code (*Stanton* v. *Stanton,* 113 Cal.App. 462, 465-466 [298 P. 524] ; *Scheibe* v. *Scheibe,* 57 Cal.App.2d 336, 342-343 [134 P.2d 835].) In the Stanton case there was a lump-sum award of $20 per week for alimony and support of a child. The husband contended, as justifying the reversal of the interlocutory decree of divorce, that there was no evidence or findings to support the award. After noting the additional fact that the complaint did not demand support, the court stated : "But . . . an allowance of alimony or money for the support of the wife is an incident to a divorce action and the determination as to allowance of alimony is not the trial of an issue in the case." (P. 466.) That language was quoted with approval in *Scheibe* v, *Scheibe, supra,* where an allowance of alimony had been made in the absence of either allegations or evidence in regard to the necessities of the wife. The award was upheld as being "incidental to the determination of a divorce action." (P. 342.)

Justification for the broad language appearing in the Hunter case and similar decisions of that period may be found in the then prevailing procedure for obtaining temporary support and counsel fees. Usually, an allowance was made upon the ex parte application of the wife without previous notice to the husband. (See *Mudd* v. *Mudd,* 98 Cal. 320, 321 [33 P. 114].) It was presumed that the court would

give proper consideration as to the needs of the wife, the ability of the husband to pay, and the value of any legal services rendered. (*Turner* v. *Turner,* 80 Cal. 141, 144 [22 P. 72]; *Mudd* v. *Mudd, supra,* p. 321; *Rose* v. *Rose,* 109 Cal. 544, 546 [42 P. 452].) The husband's remedy for an improvident order was by a motion to set it aside or to modify it. (*Mudd* v. *Mudd, supra,* p. 322.) Normally, the proceeding upon a wife's application was conducted with greater informality than one in which the parties appeared as adversaries. (*Cf. Arnold* v. *Arnold,* 215 Cal. 613, 615 [12 P.2d 435].) Furthermore, even under the modern practice by which the necessity for an allowance for temporary support or counsel fees is presented in a hearing initiated by an order to show cause, for the purpose of appeal, the proceeding is considered to be collateral to the main action. (*Lincoln* v. *Superior Court,* 22 Cal.2d 304, 310 [139 P.2d 13].)

■ However, the legal principles properly to be considered in determining whether an award of *temporary* alimony or counsel fees, now authorized by sections 137.2 and 137.3 of the Civil Code, may be reversed upon a motion for a new trial have no application to an allowance of *permanent* support and maintenance made under section 139 of the Civil Code. That section "clearly contemplates that the right of alimony, as well as other financial and property rights, shall have been presented and litigated in the action for divorce and established by the judgment." (*Howell* v. *Howell,* 104 Cal. 45, 47 [37 P. 770, 43 Am.St.Rep. 70].) ■ Otherwise stated, the right to permanent support and maintenance "is properly at issue" at the time the cause of action for divorce is tried and determined; the ensuing interlocutory decree is intended to bring an end to all matters so litigated and in controversy. (*McCaleb* v. *McCaleb,* 177 Cal. 147, 149 [169 P. 1023]; *Wilson* v. *Superior Court,* 31 Cal.2d 458, 463 [189 P.2d 266].)

*Reeves* v. *Reeves, supra,* states no contrary rule. There the appeal from an interlocutory decree of divorce was dismissed upon the ground that the time within which it might have been taken was not extended by proceedings on motion for a new trial. But the decree was obtained by default, and in holding the motion improper, the court followed the firmly established rule that a default proceeding is not the "trial of an issue" within the meaning of section 656 of the Code of Civil Procedure. (34 Cal.2d at p. 359; *Foley* v. *Foley,* 120 Cal. 33, 36-37 [52 P. 122, 65 Am.St.Rep. 147].)

In the present case, Hall's motion for a new trial was made

upon the ground that the allowance of support and mainte-
nance is "unreasonable and excessive and contrary to the
provisions of Section 139 of the California Civil Code." Other
points relied upon by him were that "the evidence is in-
sufficient to justify the decision," and "errors in law occurring
at the trial and excepted to by the defendant" entitle him to
a further hearing. ■ The grounds upon which such a
motion may be based (Code Civ. Proc., § 657) are as applicable
to a reexamination of an allowance of permanent support
and maintenance as to any other controversy adjudicated by
a court sitting without a jury. On that question, as well
as on other material issues, the trial judge should have the
opportunity to correct errors and to reopen the case, upon a
proper showing. Insofar as *Stanton* v. *Stanton supra*, and
*Scheibe* v. *Scheibe, supra,* are inconsistent with these con-
clusions, they are disapproved.

Upon the merits of his appeal, Hall claims that the award
of $350 per month constitutes an abuse of discretion. He also
challenges the allowance of costs and attorneys' fees for
trial purposes and to permit his wife to defend against the
appeal.

The Halls were married in 1930 and have two unmarried
daughters, 21 and 16 years of age, respectively, at the time
suit was filed. The husband is 57 years of age, and as a
judge of the United States District Court, receives a gross
salary of $1,250 per month. Mrs. Hall, 42 years old, was
not gainfully employed at the time of trial, and Hall's salary
constitutes the parties' sole source of income. The daughters
are living with their mother in the family home. In the year
preceding trial, the elder daughter earned approximately
$500 and the younger one $265.

It is conceded that neither of the parties has any assets
except the community property which, pursuant to stipula-
tion, was disposed of by the decree. The trial court further
found that Mrs. Hall "is unemployed and has no income or
means of her own with which to support herself; by reason of
her faithful devotion to her duties as a wife and mother, plain-
tiff has not maintained any vocational skill or trade so that she
is at this time without a vocation."

Mrs. Hall was given the family home, valued at $28,000
but subject to an indebtedness of $5,000, household furniture
having a value of approximately $3,000, a 1946 Dodge
automobile, and 180 shares of stock worth $3,600. Her net
worth, therefore, is about $30,000. Hall probably has no net

worth. His assets consist of a law library and a 1949 Studebaker automobile, both of undetermined value, and 180 shares of stock worth $3,600, but pledged for an indebtedness of $3,000. Other liabilities consist of miscellaneous debts amounting to $650 and an unpaid federal tax assessment of about $500.

By the terms of the decree, Hall must pay $350 as alimony and $100 for support of his minor daughter. He must maintain three term life insurance policies, one for the benefit of each daughter, until he reaches the age of 65, and one, for the benefit of Mrs. Hall, for three years. Each policy is in the amount of $5,000. He also has another policy for $1,100 and "a Federal Employees Benefit of some kind, about $1,400 payable to my estate." The premiums upon all of them amount to about $60 per month.

Hall also was ordered by the decree to pay the balance of his wife's attorneys' fees, amounting to $625, and costs of $25, at the rate of $50 per month. When Hall's notice of appeal was filed, the court required him to pay $200 additional for counsel fees plus costs. These fees are to be paid in monthly installments of $50. In summary, under the interlocutory decree and subsequent order, Hall must pay $600 per month.

Hall agreed, and Mrs. Hall assented, to pay $100 per month to the adult daughter until such time as she completes her formal education or marries. He must pay $40 per month towards satisfaction of the tax delinquency. His current medical expenses are $50 per month and treatment may be necessary for an indefinite period in the future. The parties disagree as to the amount of state and federal income taxes which each must pay. However, if it be assumed that Hall is entitled to claim both daughters as dependents, his probable tax liability would be about $190 per month. These additional deductions leave Hall $270 to meet current "living expenses," which he testified required $410.

Mrs. Hall and the two daughters, considered as a unit, have been given $550 per month to meet their expenses. Mrs. Hall is liable for taxes in the amount of about $66 per month on the payments allowed by the court.

A further possible source of income to Mrs. Hall is the home which, although community property and constituting the bulk of the property of the parties, was awarded to her. Unquestionably the home has a substantial rental value although it appears that $73 per month must be paid on the

mortgage, and taxes, prorated on a monthly basis, amount to $50.

The principles which the trial judge must apply in awarding alimony are few and necessarily general in nature. An allowance for support must be made "having regard for the circumstances of the respective parties." (Civ. Code, § 139.) In making that award the trial court has a wide discretion. (*Baldwin* v. *Baldwin*, 28 Cal.2d 406, 413 [170 P.2d 670].) "Circumstances" includes "practically everything which has a legitimate bearing upon the present and prospective matters relating to the lives of both parties." (*Lamborn* v. *Lamborn*, 80 Cal.App. 494, 499 [251 P. 943].) "[I]t refers to the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings." (*Becker* v. *Becker*, 64 Cal.App.2d 239, 242 [148 P.2d 381].)

Here, the wife and daughters were given $550 per month and the family home. When the amounts of life insurance premiums, taxes, and other fixed charges which Hall must pay are added, only $270 remains for his living expenses. Although the discretion of the trial court should be upheld if it has been reasonably exercised, the needs of the respective parties do not justify the amount of alimony here allowed to the wife.

The appeal from the order requiring Hall to pay the counsel fees of his wife upon the appeal, together with incidental costs, was timely taken. No abuse of discretion is shown in the amounts allowed by this order. The allowance of $750 as attorneys' fees for the trial also is not excessive. The record shows that Mrs. Hall did not have either money or assets which could be readily liquidated, sufficient to pay the fees of counsel. The evidence established her need for the amounts awarded to her.

Insofar as the judgment awards Mrs. Hall $350 per month for support and maintenance, it is reversed; in all other respects it is affirmed. The order requiring Hall to pay $200 counsel fees and the cost of printing the answering brief on appeal is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.