[Civ. No. 15497.   First Dist., Div. Two.   Mar. 30, 1954.]

VIOLA MATTHEWS TREMBATH, Respondent, v. MAURICE TREMBATH, Appellant.

*Assigned by Chairman of Judicial Council.

Waldo F. Postel and Waldo F. Postel, Jr., for Appellant.

Anthony E. O'Brien for Respondent.

O'DONNELL, J. pro tem.*—On March 28, 1951, respondent was granted an interlocutory decree of divorce from appellant. By the terms of the decree respondent was awarded the dwelling and household furnishings of the parties. Appellant was awarded the sum of $2,000 in lieu of his community interest in those properties and also was awarded the family automobile. A bank account of $2,200 was divided equally between the parties. The decree further directed appellant to pay respondent the sum of $1.00 per month as support money until further order of court.

By an order dated April 11, 1952, the lower court, on respondent's application, modified the interlocutory decree by directing appellant to pay respondent $90 per month for her support. Appellant has appealed from that order. On May 27, 1952, on respondent's application the lower court ordered appellant to pay respondent's attorney $250 for fees and costs to enable respondent to resist the appeal from the order of April 11, 1952. Appellant has also appealed from the order of May 27, 1952. The two appeals are now before us.

Appellant first contends that the trial court abused its discretion in increasing the amount of respondent's support money from $1.00 per month to $90 per month. He urges that there is no evidence of such a change in the circumstances of the parties as would justify the order. In fact, says appellant, the evidence discloses that his condition, both physical and financial, is poorer than it was at the time of the trial in March, 1951.

Appellant is a licensed beauty operator. He is employed in a beauty shop where he receives, as compensation for his services, 50 per cent of the fees paid by the customers on whom he works. He testified that he has a heart condition which prevents his being much on his feet and that he has

*Assigned by Chairman of Judicial Council.

not worked since January, 1952. He further testified that he had no money nor property, nor income. In 1951 his income was $2,034.49.

However, the evidence also developed the following significant facts: Appellant and one Josephine Fletcher had formerly operated this same beauty shop as partners. In 1948 appellant became financially involved and he transferred his interest in the shop to his brother-in-law. The latter then transferred it to Josephine Fletcher. She has been operating it since that time. Appellant and Josephine Fletcher have been living together. Appellant has access to her safe deposit box. A Mrs. Warren, a private investigator employed by respondent, visited the beauty shop on February 15, 1952. She found appellant there and made an appointment with him for a permanent wave. This was on a Friday. Mrs. Warren saw appellant's appointment book. There were a number of appointments in it. Appellant could not give her an appointment until the following Tuesday. Again on February 26, 1952, Mrs. Warren found appellant seated at a desk in the beauty shop "apparently taking care of the appointment book."

The foregoing facts, taken in the aggregate, were sufficient to justify the inference that at the time of the hearing in April, 1952, appellant was gainfully employed and that his circumstances had not worsened. It remains now to be determined whether or not there was any change in respondent's situation.

Respondent had been employed for a period of 32 years prior to and during her marriage. She was laid off in 1949. She was not employed at the time of the trial in March, 1951, but she took employment immediately thereafter and worked until January, 1952, when she was compelled to leave her employment because of ill health. Her only compensation for that employment was room and board. She has been unable to work since January, 1952, and has had no income since that time. This evidence was sufficient to support the trial court's finding in its order of April 11, 1952, that respondent's circumstances have changed "in that the plaintiff is now ill and is unable to support herself. . . ." It is of course true, as appellant points out, that respondent was not employed at the time of the trial. However, she then had the ability to work—witness her employment immediately following the trial.

Having in mind the well established rule that the modification of an allowance for support under section 139 of the Civil Code rests within the sound discretion of the trial court and that its order may not be set aside without a clear showing of an abuse of discretion (*Leupe* v. *Leupe*, 21 Cal.2d 145 [130 P.2d 697]), we are of the opinion that no abuse of discretion appears here.

We turn now to the order of May 20, 1952, directing appellant to pay respondent $250 for counsel fees and costs. Again, appellant urges his inability to pay and also calls attention to the fact that respondent still has approximately $800 of the $1,100 that was awarded her by the interlocutory decree. ▪ The following language in *Baldwin* v. *Baldwin*, 28 Cal.2d 406, 418 [170 P.2d 670] is apropos: ''The court is under no duty to require her to first exhaust her own separate and meagre capital resources before it can order defendant to pay her costs and attorneys' fees on appeal (citing case) . . . While the circumstances would well have supported a contrary determination we are of the view that those same circumstances do not necessarily require the conclusion that the trial court abused its discretion in making the disputed award.'' (To the same effect, see *Frazier* v. *Frazier*, 115 Cal.App.2d 560 [252 P.2d 698].)

The orders appealed from are affirmed.

Nourse, P. J., and Dooling, J., concurred.