[Civ. No. 20735.   Second Dist., Div. Three.   Oct. 17, 1955.]

ELOISE M. TILLMAN, Appellant, v. GILMORE
TILLMAN, Respondent.

Walter H. Young for Appellant.

Harriet Pugh for Respondent.

WOOD (Parker), J.—Upon application of plaintiff, an order was issued requiring defendant to show cause why an interlocutory judgment of divorce should not be modified by increasing the awards therein for support of plaintiff and a minor child.   After hearings thereon, orders were made which were, in part, as follows: (1) increasing the award for support of the child, Susan, from $100 a month to $125 a month; and (2) directing that the defendant pay for surgery to be performed on plaintiff an amount not to exceed $650.   Plaintiff appeals from the portions of said last mentioned orders "which failed to grant or which deny a modification" of the interlocutory judgment "on plaintiff's application" for the increase of the awards for support.

Appellant contends that it was an abuse of discretion to deny an increase of the amount awarded, in the interlocutory judgment, for her support.

An interlocutory judgment, which was entered on October 28, 1952, provided that, pursuant to a property settlement agreement, the defendant was ordered to pay to plaintiff the following amounts: $200 a month for her support; $50 a month for support of their minor child Sydney; and $50 a month for support of their minor child Susan for one year, and thereafter to pay $100 a month for Susan.

The order to show cause herein, regarding the modification, was filed May 17, 1954. In plaintiff's affidavit in support of her application for a modification of the interlocutory judgment she stated that her expenses have increased; she had to purchase an automobile; she requires surgery; she underestimated her "original" expenditures. In her affidavit she stated amounts that she needed for various things, making a total of $564.78 a month. She testified that the $1,800 which she had in a bank at the time of the divorce had been spent; her automobile was worn out, and she needed an automobile for use in taking her daughter to school and for marketing; she needed $35 a month for a gardener to take care of the joint tenancy property in which she was residing; house repairs and taxes averaged $40 a month; when she agreed to accept $200 a month, she overlooked the necessity of paying income taxes on that amount, and that her income taxes averaged $40 a month. She also testified that she was not able physically to continue her employment; and that in 1953 she earned $1,450 (part-time employment). Her statement of earnings (Exhibit 1) shows that during the first five months in 1954 (prior to discontinuing her employment) she earned a gross amount of $495.16; and that the net amount (after deducting amounts withheld for income taxes, unemployment insurance, and social security tax) was $391.21.

One of the children, Sydney, has married and the defendant is not required to pay for his support.

Defendant testified that after the interlocutory judgment his salary was increased $76 a month but that, by reason of increases in amounts deducted for retirement, disability and death benefit plans of his employer (Department of Water and Power) and changes in exemptions in determining income taxes, his net "take home" pay is about $25 a month less than it was when the judgment was entered. Defendant's statement of monthly income and expenses (Exhibit A) shows as follows: salary $1,604; salary deductions $393.57; payment of fixed charges ($561.14) such as required under the property settlement agreement—for support of plaintiff $200, for sup-

port of Susan $100, payments on house (where plaintiff lives) $107, payments on bank indebtedness of both parties $39.14, income taxes $115 "current accruals"; and personal expenses $619.50. His total expenses, as shown by said exhibit, are $1,180.64, being $29.79 less than his income. Said exhibit also shows an indebtedness for income taxes as follows: $529.03 for 1952; and $1,443.23 for 1953.

In the list of personal expenses of defendant there were amounts for rent, telephone, transportation, laundry, meals, clothing, and medical and dental services. Also in the list there was an item of $100 a month for "Incidentals"; and an item of $85 a month paid to the Visiting Nurse Association. The $85 a month was for the services of a nurse for defendant's father, who is an invalid confined to a wheel chair. Defendant testified that his parents were not dependent upon him for support, but his experience was that when his mother was responsible for the payments she repeatedly discharged the nurses, whereas when he employed the nurses his mother permitted them to perform the "services necessary" for his father.

At the hearing, plaintiff made a motion to strike out the item of $85 a month, and to strike out the items for income taxes for 1952 and 1953 (total $1,972.26). The motion was denied.

Appellant asserts in effect that apparently the decision denying the modification was based upon the trial judge's recognition of the validity of defendant's claimed expenses for the income taxes (delinquent) for 1952 and 1953, for the nurse, and for incidentals. She (appellant) asserts that the issue on appeal is whether the trial court should have taken those three items into consideration in determining defendant's financial ability to pay more for plaintiff's support. She argues that those items, amounting to $300 a month, should not have been recognized as expenses. With respect to the alleged income tax "deficiency," she asserts that she made the property settlement agreement on the theory that defendant was to meet his 1952 taxes from 1952 income; and she asserts further that he should not be permitted in 1954 to set up the items of unpaid income taxes for 1952 and 1953 as a reason that he cannot pay more in 1954 for her support. As to the $85 a month for a nurse, she argues that it is not a legal or moral obligation, and that such voluntary payment cannot defeat plaintiff's claim for additional support. As to the item for incidentals, she argues that it was "unsupported."

Defendant states, with reference to the $115 a month for income taxes, that said amount was not for delinquent taxes, but was for "current accruals" as stated in defendant's Exhibit A (statement of income and expenses); that said amount is the amount that accrues each month in excess of the amount withheld from his salary by his employer. As to income taxes for prior years, defendant states that he is indebted in the amount of $1,972.26 as shown in his statement under "Indebtedness," and that such indebtedness was a proper item to be considered in determining defendant's financial ability to pay more for plaintiff's support. As to the $100 a month for incidentals, he asserts that it was also a proper item to be considered upon the issue as to his financial ability. As to the item of $85 a month for a nurse for his father, he asserts that it is a moral obligation and was a matter which the trial judge could properly consider in determining plaintiff's application for more alimony.

█ The income tax indebtedness of defendant was a proper item to be considered upon plaintiff's application for alimony. In *Hall* v. *Hall*, 42 Cal.2d 435, 441 [267 P.2d 249], an unpaid income tax, which the husband listed as a part of his financial liabilities, was considered a proper item in determining financial ability. In the present case, regardless of whether the plaintiff or both parties contemplated that the delinquent taxes would be paid in 1952 or 1953, it appears that the fact is that the taxes were not paid. Appellant asserts, however, that defendant should not be permitted to set up his failure to pay taxes in those prior years as a defense to her claim in 1954 for more alimony. Questions of fact before the trial court were whether the plaintiff needed more alimony, and whether the defendant had the present ability to pay more. The court found that defendant did not have the ability to pay more than $432 a month on account of support of plaintiff and minor child, including house payments. (The $432, being the $407 ordered in the interlocutory judgment, and the additional $25 awarded for the child in the present proceeding.) The court did not abuse its discretion in considering the unpaid income taxes as a part of defendant's financial liabilities. █ The question as to whether the needs of plaintiff were such that defendant was not justified in paying the $85 for a nurse for his father was also a question of fact for the trial judge. Also, the matter of $100 for incidentals presented a question of fact. The record (engrossed statement on appeal) does not show that there was

any cross-examination of defendant regarding the incidentals referred to in his written statement of his expenses; and it does not appear that there was any testimony regarding the incidentals. Under the record here it does not appear that the trial judge abused his discretion in not awarding additional alimony.

The orders appealed from are affirmed.

Shinn, P. J., and Vallée, J., concurred.