[Civ. No. 22529. Second Dist., Div. Two. Nov. 15, 1957.]

LORELIE K. BURMAN, Appellant, v. EDWARD KEITH BURMAN, Respondent.

Albert E. Isenberg and Ronald H. Freemond for Appellant.

Harry A. Kaplan for Respondent.

RICHARDS, J. pro tem.*—Plaintiff-wife appeals from an order awarding her pendente lite $150 a month alimony, $150 a month child support, $1,000 attorney's fees and $250 court costs, and also from the order denying her exceptions to the commissioner's findings upon which the aforesaid order was based.

The appellant's principal contention is that the evidence established her needs and the defendant's ability to pay in excess of $300 per month for the support of herself and their 13-month-old child pending the trial of the action. The general principles which govern the propriety of an award of temporary support in an action for divorce are well estab- ██ The amount of an order of alimony and child support pendente lite is dependent upon the needs of the wife and the ability of the husband to pay (*Sweeley* v. *Sweeley,* 28 Cal.2d 389, 390 [170 P.2d 469]; *Arnold* v. *Arnold,* 215 Cal. 613, 615 [12 P.2d 435]) and in determining the amount of an award there must be taken into consideration the circumstances of the parties, their respective incomes and earning abilities and their respective needs. (*Sweeley* v. *Sweeley, supra; Falk* v. *Falk,* 48 Cal.App.2d 780, 788 [120 P.2d 724]; *Howton* v. *Howton,* 51 Cal.App.2d 323, 325 [124 P.2d 837].)

Appellant, the minor child and a nurse live in the family home of the parties. She is unemployed and suffers mildly from arthritis. Her affidavit which was filed in support of the issuance of the order to show cause was received in evidence and lists her necessary expenses for herself and the minor child in the total sum of $838 a month. Included in her list of necessary expenses is an item of $75 a month for rent. She testified that this was for payment of taxes on the home but admitted she had paid no taxes and there is no evidence in the record that she will be obliged to pay any taxes on the home pending the trial of the action. Another

---

*Assigned by Chairman of Judicial Council.

item listed by appellant is $268 a month for laundry and help but from the evidence it appears that the cost of a nurse or housekeeper is being paid for by appellant's parents. The other monthly expenses listed in her affidavit were food $200; clothes $100; transportation $60; doctor and dentist $25; utilities $60 and incidentals $50. Aside from her testimony of the monthly amounts given to her by defendant for household expenses before their separation, plaintiff was not able to substantiate any of these items by proof of actual outlays. The transportation item included a weekly drive to Palm Springs; she was unable to state how often she required medical attention and the defendant testified she had not had any medical treatment for her arthritis. We think that it is well understood that the expenses listed in the wife's questionnaire in domestic relations proceedings are merely her estimate of her reasonable monthly needs.

Turning to the husband's ability to pay, it appears that he is a member of a family partnership that operates three department stores and an apartment house and that his share of the partnership profits in 1955 after taxes was approximately $17,400. However, by agreement, he is permitted to withdraw only $100 a week from the partnership and any withdrawals in excess thereof require consent of a majority of the partners. In the fiscal year previous to the hearing on the order to show cause, while the parties were living together, the defendant had a total drawing of slightly under $8,000. Defendant's expenses, living apart from the appellant, were found to be $340 a month which includes a payment of approximately $90 a month on the balance due on the home occupied by the appellant. Under the order herein made, defendant is required to pay $300 a month for the support of plaintiff and the child. Also under the order he is required to pay $125 a month on the attorney's fees and court costs of $1,250. His personal expenses and payments on the home occupied by plaintiff are $340 a month, making his total monthly expenses $765 a month whereas in the year prior to the filing of the divorce complaint his total withdrawals from the partnership, expended for family support and for an addition to the house, averaged approximately $670 a month.

The trial court has a substantial range of discretion in determining the amount of support money pendente lite and the finding of the court will not be disturbed on appeal

unless an abuse of discretion clearly appears. (*Sweeley* v. *Sweeley, supra,* 28 Cal.2d 389, 393; *Baldwin* v. *Baldwin,* 28 Cal.2d 406, 413 [170 P.2d 670]; *Newbauer* v. *Newbauer,* 95 Cal.App.2d 36, 39 [212 P.2d 240].) "That the members of this court might have been more liberal is not the test. The discretion was the trial judge's, not ours; and we can only interfere if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did." (*Newbauer* v. *Newbauer, supra,* p. 40; accord: *Frazier* v. *Frazier,* 115 Cal.App.2d 560, 562 [252 P.2d 698].)

█ Finally, appellant asserts a violation of the parol evidence rule in the admission of respondent's testimony of the oral agreement of the partners limiting each partner to a weekly withdrawal of $100. The original partnership agreement provided that each partner shall be entitled to a weekly drawing account to be mutually determined from time to time. No useful purpose would be gained by discussing appellant's tenuous argument that the partners' withdrawals were fixed by a subsequent written amendment to the partnership agreement for, in any event, appellant may not successfully urge error in the admission of the extrinsic evidence as it is fundamental that the parol evidence rule applies only between the parties to a contract, and their representatives, or successors in interest. (Code Civ. Proc., § 1856.)

We cannot say from the record before us that an abuse of discretion has been shown in the awards here made and we find no reversible error in the other contentions advanced by the appellant.

The orders are affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.