[Civ. No. 30984. First Dist., Div. One. Feb. 9, 1973.]

BETTY H. PETERSON, Plaintiff and Respondent, v.
WILLIAM ROBERT PETERSON, Defendant and Appellant.

## COUNSEL

Adams, Ball, Wenzel & Terry and John T. Ball for Defendant and Appellant.

Colin Peters and Beverly A. Gregerson for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—When California's Family Law Act (Civ. Code, §§ 4000-5138) was enacted, to become effective *January 1, 1970*, certain language of repealed Civil Code section 142 became part of Civil Code

section 4806[1] as follows: ". . . Where there are no children, and either party has a separate estate sufficient for his or her proper support, no allowance shall be made from the separate estate of the other party."

This portion of section 4806 was amended (Stats. 1970, ch. 988, p. 1761, effective *Nov. 23, 1970*) by the 1970 Legislature to read: ". . . In any original or modification proceeding, where there are no children, and either party has or acquires a separate estate, including income from employment, sufficient for his or her proper support, no support order shall be made or continued against the other party." In other respects the section was unchanged.

 ██ ██ Appellant William Robert Peterson contends on this appeal that the November 23, 1970 amendment *"pro tanto* repeals the change of circumstances rule" which precluded modification of a spousal support order "in the absence of a showing that there has been a change in conditions subsequent to its entry."[2]

The facts are undisputed. By a 1965 judgment of divorce appellant was ordered to pay respondent, Betty H. Peterson "as and for her support and maintenance, and as alimony, the amount of $300 per month." On September 15, 1970, he moved to terminate this support order. Evidence at the hearing established that respondent had $15,000 earning interest at $62.50 each month, other assets worth more than $5,000 and a job paying $468 per month. The job was acquired since the divorce, while the cash and other assets appear to have been derived through a property settlement agreement which attended the divorce. The parties at the time of the hearing had no minor children.

The motion was denied by an order of the superior court dated October 5, 1970. This order went unappealed and became final according to law.

[1]As originally enacted (Stats. 1969, ch. 1608, p. 3335, § 8), the whole of Civil Code section 4806 read as follows: "When either party in a proceeding under this part has either a separate estate, or is earning his or her own livelihood, or there is community property or quasi-community property sufficient to give him or her proper support, or if the custody of the children has been awarded to the other party, who is supporting them, the court may withhold any allowance to him out of the separate property of the other party. Where there are no children, and either party has a separate estate sufficient for his or her proper support, no allowance shall be made from the separate estate of the other party."

[2]"The general rule is that the trial court is without authority to order a reduction in the amount of alimony or support payments awarded in a decree of divorce in the absence of a showing that there has been a change in conditions subsequent to the entry of such decree; . . ." (*Dean v. Dean* (1963) 59 Cal.2d 655, 657 [31 Cal.Rptr. 64, 381 P.2d 944].) In a later modification proceeding the evidence must show "a material change of circumstances subsequent to the last prior order." (*Engelberg v. Engelberg* (1968) 257 Cal.App.2d 821, 823-824 [65 Cal.Rptr. 269].)

The proceedings had taken place during the portion of 1970 while section 4806 was in effect as originally enacted.

As indicated, section 4806 was amended to its present form, effective November 23, 1970. Thereafter appellant again moved to terminate the support order. Admittedly there had been no "change of circumstances" of the parties since the order denying the earlier modification motion. The court, declaring itself "bound by the change of circumstances rule," thereupon entered its order denying the second motion. The instant appeal is from that order, which was entered September 16, 1971.

■ Appellant contends here, as he did in the superior court, that present section 4806, as effective November 23, 1970, created "new law." He argues that by this change the Legislature evinced an intent to eliminate all factors other than economic considerations from the determination whether to grant, and the amount and duration of, spousal support. A factor eliminated from consideration, he urges, is the now abandoned concept that such support was to be paid by the "guilty" party to the "innocent" one. Simply stated, his contention is that regardless of change of circumstances, the "new law" permits review and modification of the amount and duration of support orders, to the end that they stand or fall on "economic considerations" alone.

Appellant misconstrues the erstwhile application of the now rejected relationship of guilt or innocence of the parties to an action for divorce or dissolution of marriage. It is true that "comparative guilt of the parties [was] one of the considerations that [was] important in determining whether alimony *should be granted*." (Italics added; *Mueller* v. *Mueller* (1955) 44 Cal.2d 527, 532 [282 P.2d 869].) But once the determination whether alimony should be granted was made, comparative guilt played no part in *fixing the amount or duration of the award*.

In *Cardew* v. *Cardew* (1961) 192 Cal.App.2d 502, 508 [13 Cal.Rptr. 620], it was expressly held that evidence of guilt was not "relevant to the issue of how much alimony appellant should receive, . . ." Recognizing the "comparative guilt" criterion of *Mueller* v. *Mueller, supra,* for determining whether alimony should be granted, we said in *Millington* v. *Millington* (1968) 259 Cal.App.2d 896, 917 [67 Cal.Rptr. 128]: "There is no warrant, however, for measuring the *amount* of alimony to an innocent spouse by the degree of cruelty." (Italics added.) In *Lakenan* v. *Lakenan* (1967) 256 Cal.App.2d 615, 617 [64 Cal.Rptr. 166], the court considered an argument that "the more serious the husband's misconduct the greater the alimony award to the wife should be." It was held that "There is no merit in this theory insofar as the award of alimony is concerned."

Prior to the Family Law Act, Civil Code section 139 had long permitted the court to make "suitable allowance for support and maintenance . . . *having regard for the circumstances of the respective parties . . . .*" (Italics added.) Many cases have adopted language of *Hall* v. *Hall* (1954) 42 Cal.2d 435, 442 [267 P.2d 249], that the statute's term " 'Circumstances' includes 'practically everything which has a legitimate bearing upon the *present and prospective* matters relating to the lives of both parties.' " (Italics added; note that no consideration was given to *past* cruelty or guilt or innocence.) The court in *Hall* v. *Hall* continued: " '[I]t refers to the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings.' [Citation.]"

Civil Code section 4801, enlarges upon the language of its now repealed predecessor section 139. It provides (subd. (a)): ". . . the court may order a party to pay for the support of the other party any amount, and for such period of time, as the court may deem just and reasonable having regard for the circumstances of the respective parties, including the duration of the marriage, and the ability of the supported spouse to engage in gainful employment without interfering with the interests of the children of the parties in the custody of such spouse." But these express provisions are not new to our law. As said in *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885, 892 [101 Cal.Rptr. 295], ". . . the specific circumstances now mentioned in the statute [§ 4801] (the duration of the marriage and the ability of the supported spouse to engage in gainful employment) have long been among the circumstances considered by the courts in making awards of spousal support." And we note the conclusion of the editors of Attorneys Guide to Family Law Act Practice (Cont.Ed.Bar (2d ed.) § 4.2). Speaking of section 4801, they declare: "Under the Family Law Act, permanent support is awarded 'for such period of time, as the court may deem just and reasonable having regard for the circumstances of the respective parties.' CC 4801(a). Among the circumstances, the section mentions 'the duration of the marriage, and the ability of the supported spouse to engage in gainful employment without interfering with the interests of the children of the parties in the custody of such spouse.' *Former case law criteria for permanent spousal support, which included these now set forth in statutory language, remain in effect.*" (Italics added.)

It is evident that the Family Law Act announces no change in the criteria for fixing the *amount* and *duration* of spousal support. As with section 4801, the relied upon amended language of section 4806 calling

upon the court to consider acquisition of "a separate estate including income from employment" in fixing or modifying a spousal support award, makes no change in existing law. And, of course, inherent in the required consideration of the circumstances of the parties, is the power and duty of the court to terminate support when the *need* for it no longer exists. (See *Hall v. Hall, supra,* 42 Cal.2d 435, 442.)

We advert now to the successive modification proceedings of the instant case. In the first of these, since the order denying modification is now final, it must be presumed that the superior court, "having regard for the circumstances of the respective parties" (Civ. Code, § 4801), properly refused to modify the 1965 support award. As we have pointed out, the amendment thereafter of section 4806 did not create the "new law" contended for by appellant. When the second modification proceedings were instituted there had been no change in the circumstances of the parties. This being so, the superior court properly entered the order denying modification, now under appeal.

For the reasons stated the order entered September 16, 1971, must be affirmed.

Affirmed.

Molinari, P. J., and Sims, J., concurred.