[Civ. No. 52462. Second Dist., Div. Four. Mar. 5, 1979.]

HENRY C. GAMMELL, Plaintiff and Appellant, v.
FRANCELLA GAMMELL, Defendant and Respondent.

**COUNSEL**

Sowell & George and Robert K. George for Plaintiff and Appellant.

Harry C. Flynn for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—This is an appeal from an order denying petitioner husband's application for modification of the interlocutory

judgment[1] and from an order denying petitioner's request for findings of fact and conclusions of law.[2]

The parties were married for over 31 years prior to the interlocutory judgment. The court divided the community property so that property worth $41,165.89 went to the wife and property worth $40,881.24 went to husband.[3] Appellant husband was ordered to pay $1,500 in attorney's fees to wife's counsel, $200 costs, and $325 per month spousal support continuing until further order of the court. The interlocutory decree, prepared by counsel for respondent, ordered support until respondent died or remarried.

Appellant filed a notice of motion seeking a modification of the interlocutory decree as to spousal support.

Appellant alleged that respondent is employed part time, and that he retired and suffered a loss in gross income of approximately $18,601 a year. Appellant husband alleges that husband and wife's property appreciated such that the husband's property is worth $117,093 and the wife's property is worth $121,325. This increase in the property was established by the depositions and financial declarations of each party. The court denied husband (petitioner's) application on the grounds that petitioner's present spouse has income averaging not less than $1,100 per month, the combined expenses of petitioner and said spouse are such that petitioner has the financial ability to continue paying support, and respondent wife's reasonable needs are not less than $325 per month. Petitioner's request for findings of fact and conclusions of law were denied.

I

■ Appellant alleges that it was improper for the court to consider the income of petitioner's second spouse in determining his ability to pay

[1]Code of Civil Procedure section 904.1 provides for appealability of certain orders after judgment. Orders after judgment may be appealed when the order affects judgment in some manner or bears some relation to it either by enforcing it or staying its execution. (*Hixson* v. *Hixson* (1956) 146 Cal.App.2d 204 [303 P.2d 607].) Wife had a right to a direct appeal from an order reducing temporary spousal support and fees. (*In re Marriage of Skelley* (1976) 18 Cal.3d.365 [134 Cal.Rptr. 197, 556 P.2d 297].)

[2]Such an order is not separately appealable, but we consider it on the appeal from the order denying modification.

[3]No contention is here made over that minor difference in the allocation made by the interlocutory decree.

spousal support. Appellant points out that the second wife's income was from a trust established by her family, and as such, was her separate property.

The California courts have held that, while a husband's remarriage does not alone justify reduction of support payments to his former wife, the remarriage with its additional burdens is a factor to be considered. (*Philbin* v. *Philbin* (1971) 19 Cal.App.3d 115 [96 Cal.Rptr. 408]; *Webb* v. *Webb* (1970) 12 Cal.App.3d 259, 263 [90 Cal.Rptr. 565].) Since a remarriage with its additional burdens is a factor to be considered in modifying support payments, it appears fair and equitable that a remarriage with its additional benefits also ought to be considered. Furthermore, spousal support is determined according to the needs of both parties and the respective ability of the parties to meet those needs. (*In re Marriage of Cobb* (1977) 68 Cal.App.3d 855 [137 Cal.Rptr. 670].) Although the second wife's income in this case is her separate property, as a pragmatic matter this income directly or indirectly reduces the needs of the husband and it directly or indirectly affects the husband's ability to meet the needs of his former wife.

In *In re Marriage of Kuppinger* (1975) 48 Cal.App.3d 628, 638 [120 Cal.Rptr. 654], the appellate court held that a husband's remarriage was of little weight in a motion to decrease spousal support where the second wife contributed personal funds and the husband's income doubled. The appellate court considered, among many other facts, that the "Husband's second wife also is contributing to the marriage out of her personal funds," and found that the lower court abused its discretion in reducing the husband's spousal support on the ground of material change of circumstances. The appellate court in *Kuppinger* pointed out that the trial court made no finding that the husband's additional expenses because of remarriage exceeded or even equaled his second wife's financial contribution to the marriage. Similarly, in the case at bench it does not appear that the husband's additional expense because of remarriage exceeded or equaled his second wife's financial contribution to the marriage. While the husband's income herein dropped due to his retirement, the funds belonging to the second wife substantially made up for the loss of his income.

The court below apparently concluded that appellant and his second wife were sharing their expenses and their income. Under those circumstances, there was no material change of circumstances to justify a reduction in spousal support.

Our conclusion here is in accord with the decisions in other states involving the same issue. (See *Jones* v. *Jones* (1948) 251 Ala. 179 [36 So.2d 310]; *Gantz* v. *Wagner* (1938) 188 La. 833 [178 So. 367]; *Williams* v. *Williams* (1941) 29 N.Y.S.2d 392, affd. (1942) 263 App.Div. 935 [33 N.Y.S.2d 830]; *Bruguier* v. *Bruguier* (1951) 12 N.J. Super. 350 [79 A.2d 497]; *Spivey* v. *Schneider* (1975) 234 Ga. 687 [217 S.E.2d 251].) In fact, in several of those cases, the income of the second wife was relied on to support an increase in the support payments. We do not here decide whether such income may be relied on for an increase; the order before us does no more than to maintain the original support order. Nor do we here consider the rights of the parties to a first marriage where a second wife does not contribute from her separate funds to the common expenses of the second marriage.

## II

Appellant argued that he showed sufficient change of circumstances to warrant modification. We do not agree. While husband lost substantial money due to his retirement, he was financially benefitted by his second wife's substantial financial contributions. Although husband claims his former wife's estate appreciated, respondent wife claims a net cash flow loss and a net loss from both her apartment buildings. And, although wife's total net worth has appreciated, the husband's net worth has appreciated as well.

█ Although a trial court has broad discretion in awarding or modifying spousal support, it is without authority to modify the support unless there has been a material change of circumstances subsequent to the last order. (*Peterson* v. *Peterson* (1973) 30 Cal.App.3d 477, 479 [106 Cal.Rptr. 482].) Appellate courts will interfere only when, viewing all the evidence most favorably in support of the trial court's actions, it appears from the total circumstances of the case that the trial court abused its discretion. (*Modglin* v. *Modglin* (1966) 246 Cal.App.2d 411, 416 [54 Cal.Rptr. 582].) There is no showing that the trial court abused its discretion in denying petitioner's motion.

## III

█ Respondent argues that appellant has improperly asked this court to consider the appreciation in respondent's real property. Respondent argues that the only reference to the increase in real estate values was in the deposition, and the deposition was merely "lodged" with the

court and not read into evidence. Depositions must be read into evidence (*Estate of Doyle* (1932) 126 Cal.App. 446 [14 P.2d 909]), and appellant has not cited us any place in the record showing that the depositions were read into evidence. However, since petitioner's motion to modify support was denied, respondent was not damaged.

Also, there is nothing to show that the trial judge ever considered any possible appreciation in the value of the real estate. In making its ruling the court apparently relied on the fact that:

"1. Petitioner's present spouse, Janet, has income averaging not less than $1,100.00 per month;

"2. The combined expenses of petitioner and said spouse is such that petitioner has the financial ability to continue paying spousal support at the present level;

"3. Respondent's reasonable needs are not less than $325.00 per month."

## IV

Appellant argues that respondent did not demonstrate the need for $325 in monthly support. We do not agree. Respondent was 69 years old and employed only part time as a candy sales clerk. Appellant's suggestion that spousal support should be decreased because the real property she owns has increased in value is not well taken. If a wife's income is insufficient to maintain her, a husband should be required to contribute before she is required to exhaust her estate. (*Westphal* v. *Westphal* (1932) 122 Cal.App. 379, 385 [10 P.2d 119].) Furthermore, husband's net worth has also greatly appreciated.

## V

Finally, appellant argues that the trial court erred in denying petitioner's request for findings of fact and conclusions of law. The contention is without merit. In fact, the trial court did make all necessary findings, which we have quoted in our discussion above under rubric III. Those findings satisfy the requirement of section 4801 of the Civil Code as amended effective January 1, 1977.

## VI

Respondent requests an award of attorney's fees for services rendered on appeal. A wife is not required to impair her separate estate in order to defray litigation costs. (*In re Marriage of Hopkins* (1977) 74 Cal.App.3d 591 [141 Cal.Rptr. 597].) Where the record showed that the wife does not have sufficient income or assets to pay attorney's fees on appeal in a divorce action, courts have permitted an award of such fees on appeal. (*Hunter* v. *Hunter* (1962) 202 Cal.App.2d 84 [20 Cal.Rptr. 730].)

The order denying modification is affirmed. On remand the trial court shall allow to respondent such sum as it finds is a reasonable attorney fee on this appeal.

Jefferson (Bernard), J., and Alarcon, J., concurred.