[No. H001247. First Dist., Div. Two. Sept. 30, 1988.]

In re the Marriage of KARLENE I. and WILLIAM C. LAUBE.
WILLIAM C. LAUBE, Respondent, v.
KARLENE I. LAUBE, Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication with the exception of part B.

**COUNSEL**

Kathryn Carey, Jerry Y. Fong and Carey & Carey for Appellant.

Gerald Z. Marer, Alan G. Marer, John F. Schuck and Marer, Marer & Schuck for Respondent.

**OPINION**

**KLINE, P. J.**—Appellant Karlene I. Laube appeals from the trial court's refusal to reinstate her spousal support payments or to award her attorney's fees and costs.

## I. BACKGROUND

Appellant (hereinafter, Karlene) and her ex-husband, William Laube (hereinafter, William), were married in 1961 and separated in February of 1977. During the marriage Karlene worked outside the home only occasionally; William provided the primary source of support. The couple had five children, three of whom were minors at the time of the hearing below.

The parties' interlocutory decree for dissolution of marriage, entered on February 4, 1980, ordered William to pay $150 per child each month as child support. It further provided that William pay $750 per month spousal support for a two-year period, or until August 1, 1981; thereafter, spousal support was to be reduced to $600 per month and to continue indefinitely at that rate until further order of the court, remarriage or cohabitation by Karlene.

William lost his job in August 1982. He continued to pay child and spousal support until March 1983 when he sought a reduction in his spousal support obligation. On April 18, 1983, spousal support was reduced to $100 per month for the months of May and June 1983; the matter came on for further proceedings on July 13, 1983, at which time the support payments were suspended.

William's spousal support obligation was stayed until the order could be reviewed in September 1983. By the time of the hearing on September 23, 1983, William had purchased and begun operating a restaurant in Pleasanton. He had remarried and his new wife, a partner in the restaurant venture, was earning $2,000 a month. The court ordered William to pay $175 per child per month in child support, refused to award any spousal support, but reserved jurisdiction over the support issue.

Karlene subsequently filed a motion seeking an increase in child support, restoration of her spousal support and an award of attorney's fees and costs. The motion was heard on February 26, 1985. Karlene's expert testified that William's 1984 income—based on his salary as an employee of the restaurant and the additional cash available to him as a partner in the business—amounted to $56,000. He further asserted that William's new wife earned $52,000 in 1984. In comparison, William's expert witness stated that the 1984 income for William and his new wife totalled $48,000—$2,000 per month for each of them.

Additional testimony revealed that Karlene's income was approximately $1,500 per month; the monthly expenses for herself and the children totalled nearly $5,000.[1]

William testified that, pursuant to a prenuptial agreement, he and his new wife each maintained their property as separate property. His income and expense declaration listed monthly expenses of $3,778 for himself, his new wife and her 19-year-old son who lived at home.

The court determined that William's net monthly income was $4,500. It ordered William to pay increased child support of $500 per month for each of the three minor children, but refused to reinstate spousal support or to award attorney's fees and costs to Karlene.

On July 24 the court conducted a hearing concerning Karlene's objections to its decision and thereafter issued an order affirming its child support award. It took under submission the issues of spousal support and attorney's fees pending the court's receipt of letters setting forth the parties' contentions.

---

[1] Karlene's expenses had increased dramatically after she was forced to sell the family home, which cost approximately $450 a month, and rent a home at a cost of $1,825.

On August 14, 1985, the court issued an order affirming its reservation of spousal support and its denial of attorney's fees and costs to Karlene. Karlene filed a timely notice of appeal on October 11, 1985; William cross-appealed on November 11, 1985, but thereafter abandoned the appeal.

## II. DISCUSSION

### A. *Failure to Reinstate Spousal Support*

■ A trial court has broad discretion to order appropriate spousal support. (*In re Marriage of Morrison* (1978) 20 Cal.3d 437, 454 [143 Cal.Rptr. 139, 573 P.2d 41].) However, that discretion is not unlimited: "In order not to be arbitrary, discretion must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities and the financial ability of the [supporting spouse.] Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all circumstances before it being considered. (*In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 114 . . . .)" (*In re Marriage of Melton* (1980) 107 Cal.App.3d 559, 564 [165 Cal.Rptr. 753].)

The interlocutory decree issued at the termination of the marriage provided for two years of support at $750 a month and $600 a month thereafter. In 1983 William sought and received a reduction of his spousal support obligation based on his inability to pay due to the loss of his job. The record does not definitely indicate whether the ultimate suspension of support was based in part on Karlene's decreased need for such assistance. When in September 1983 William once again appeared able to afford the support payments the court refused to restore the spousal support, despite its apparent recognition (as evidenced by the increase in child support) that Karlene's expenses had increased, not diminished, since the initial support award was made.

For purposes of simplification, there are, then, four relevant trial court rulings: (1) the interlocutory judgment of February 4, 1980, providing, inter alia, that William was to pay spousal support of $750 per month for two years and $600 per month thereafter; (2) the orders of April 18, 1983, and July 13, 1983, temporarily reducing and then superseding William's obligation to provide spousal support but reserving jurisdiction; (3) the order of September 23, 1983, denying Karlene's motion to reinstate and increase spousal support; and (4) the court's order of April 14, 1985, again refusing to reinstate spousal support.

Karlene's principal contention on appeal is that the most recent refusal to reinstate spousal support was error "because the sole reason for the temporary suspension of the original indefinite spousal support award [i.e., the

order of July 13, 1983], William's unemployment status, was no longer applicable at the hearing [on the 1985 motion to reinstate spousal support]."

 The main problem with this argument is that it ignores the intervening order of September 23, 1983, denying Karlene's initial motion to reinstate. In regard to this order, Karlene requested neither a statement of decision (Code Civ. Proc., § 632) nor "appropriate factual determinations with respect to the circumstances" (Civ. Code, § 4801, subd. (a)). Nor did Karlene appeal the order, which must therefore be treated as a final judgment. Consequently, there is no evidentiary yardstick with which to measure Karlene's claim that the sole reason for eliminating spousal support was William's temporary unemployment and that her needs never diminished during any material time.

Karlene also made no request for a statement of decision or "factual determinations" under Civil Code section 4801, subdivision (a), regarding the 1985 denial of spousal support that is the subject of this appeal.

Considering that the record is silent regarding Karlene's needs in 1983[2] and whether they were any different in 1985, Karlene's failure to request findings is fatal, because it means the judgment appealed from must be presumed correct and that "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, p. 276; accord *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 645 [183 Cal.Rptr. 508, 646 P.2d 179].) Without specific findings from the court below we are compelled to assume the court determined Karlene was no longer entitled to support (perhaps because her asserted financial needs were unrealistic) despite William's renewed ability to pay. Accordingly, despite the discomforting failure of the record to satisfactorily explain the trial court's reasoning, we are compelled to affirm its order denying Karlene's motion to reinstate spousal support.

As an obiter dictum, we think it appropriate to suggest a method by which trial judges can help avoid the problem that materialized in this case and facilitate the adjudication of motions to modify spousal or child support payments due to unemployment or some other economic setback that is not likely to permanently restrict the supporting spouse's ability to pay. Where this is so, and where the modification is not ordered on the basis of a changed level of need, the trial judge can order that support payments be

---

[2]Though, as respondent points out, in refusing to reinstate spousal support, the judge presiding at the 1983 hearing labelled Karlene's expense declaration "totally unrealistic" and observed that she had "an unrealistic grasp of the financial situation."

decreased by an appropriate amount only for the duration of the disability.[3] For example, where support is reduced because of the unemployment of the supporting spouse, the court could make an order for the reduced amount, specifying that the original amount will be reinstated upon his or her reemployment. Such an order should be without prejudice to either party to seek support in a higher or reduced amount should the new employment justify such a change. The virtue of this procedure is not only that it will eliminate the need for subsequent hearings in many instances, and thereby conserve judicial resources, but that it relieves the supported spouse of the burden of going forward and the burden of proof that the supporting spouse's ability to pay the amount of spousal support originally decreed has been restored, burdens it is ordinarily unfair to impose on that party.

B. *Denial of Attorney's Fees and Costs**

. . . . . . . . . . . . . . . . . . . . .

## III. DISPOSITION

The judgment is affirmed.

Benson, J., and Rouse, J.,† concurred.

---

[3] Such an approach is similar to that urged by the Legislature when a trial court allows certain income deductions for hardship expenses. As provided in Civil Code section 4725, subdivision (c), "Whenever possible, the court shall specify the duration that any deduction shall be in effect."

* See footnote, *ante,* page 1222.

† Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.