[Civ. No. 17248.   Second Dist., Div. Three.   May 26, 1950.]

CHIYOKO IKUTA, Appellant, v. DR. SHUNJI K. IKUTA, Respondent.

Hanifin & Sease for Appellant.

Edward J. Cotter for Respondent.

SHINN, P. J.—This appeal is another phase of the same divorce action involved in *Ikuta* v. *Ikuta,* No. 17318, *ante,* p. 787 [218 P.2d 854]. Upon the hearing of an order to show cause the court on December 16, 1948, ordered defendant to pay all mortgage installments, utility and community bills; $200 for support of plaintiff and the minor children whose custody was awarded to her; and $500 direct to plaintiff's attorney, payable at once. The order specified that it was "without prejudice to any order that may be subsequently made." It directed that "the order to show cause is continued to January 27, 1949 . . . at which time a further award of attorney's fees may be made." On January 20, 1949, plaintiff obtained another order to show cause regarding attorney's fees, suit money and temporary support. Plaintiff's affidavit upon which this latter order was based set forth facts purporting to justify payment by defendant of more than $9,000 as the estimated cost of investigating, obtaining evidence for, and conducting plaintiff's case. On January 27, 1949, both orders to show cause came on for hearing. Considerable testimony was taken at the hearing, which lasted two days, and a written stipulation of the parties was filed providing that custody of the children should remain with plaintiff; that defendant would continue to pay all premiums on insurance policies then existing on the life of defendant and any of the children and all mortgage payments on the family home. The court's minute order dated January 28, 1949 provided: "It is ordered that the *existing order regarding temporary custody of the minor children of the parties shall remain in effect*; that defendant pay all premiums on all insurance now existing; that defendant pay plaintiff $350.00 per month for support of herself and children of the parties, payable one-half on the 10th and 15th days of each month, commencing February 10, 1949 and continuing until further order of court; *that defendant pay all current bills for month of January, 1949*; and that defendant have possession and use of the family automobile; that defendant leave the home of the parties and live separate and apart. It is further ordered that both parties are restrained from disposing of, hypothecating, or encumbering the community property, and from molesting and annoying one another."

Plaintiff's appeal is from all of the quoted order except those portions which we have set forth in italics.

Plaintiff contends first that the court abused its discretion when it failed to award her any suit money or addi-

tional attorney's fees and did not reserve determination of those matters to the time of trial. It appears from the reporter's transcript that the court believed plaintiff to be financially able to bear the expense of preparing her case for trial and with respect to counsel fees the court stated: "At the present time there will be no additional funds awarded for attorney's fees." The minute order, to which alone we must look to learn what was decided, is completely silent on these issues. Since an award of attorney's fees or suit money was a matter independent of the other issues before the court, it was necessary for the court to rule upon the questions thus tendered and either grant or deny relief in whole or in part, deny them without prejudice to a subsequent application or make an order retaining jurisdiction with respect to counsel fees (see *Wilson* v. *Wilson,* 33 Cal.2d 107 [199 P.2d 671]). In the absence of record evidence of a decision the remarks of the court do not amount to the adjudication which the parties are entitled to expect and which the law requires, and cannot supply the deficiencies of the order. The record furnishes no reason for doubt that the omission from the order of a decision of these issues was intentional. The remarks we have quoted seem to indicate, at least with respect to counsel fees, that if a ruling had been made the applications would have been denied without prejudice, or the court would have retained jurisdiction to award counsel fees at a later stage of the proceedings. Since no adjudication was made as to these matters there is nothing before us for review.

Plaintiff's next point is that the court failed to grant a sufficient allowance for support and maintenance. The order may not be disturbed unless we are able to find in the record a conclusive showing, as a matter of law, that plaintiff's necessary expenses will not be met by the amount awarded, as supplemented by her personal income, if any; and that defendant is financially able to contribute a substantially greater sum for support and maintenance. (See *Sweeley* .v. *Sweeley,* 28 Cal.2d 389 [170 P.2d 469]. *Cf., Loeb* v. *Loeb,* 84 Cal.App.2d 141 [190 P.2d 246]; *Falk* v. *Falk,* 48 Cal.App.2d 780 [120 P.2d 724].) From a review of the evidence, we are satisfied that no abuse of discretion was committed.

Plaintiff's affidavit in connection with the first order to show cause itemized claimed necessary expenses, apart from mortgage and insurance payments which defendant is required to make, of $2,065 per month. Her testimony offered in sup-

port of these claims, however, was inadequate and unsatisfactory in many particulars. In contradiction of plaintiff's claims there was evidence that, aside from mortgage payments, taxes, and insurance, defendant had expended less than $5,000 in 1948 for maintenance of the household and support of his family.

Plaintiff's affidavit, supplemented by her testimony on cross-examination, warranted the conclusion that at the time of the hearing she owned, as her separate property, real estate located in the United States and Hawaii valued at more than $200,000, which produced a monthly income of more than $700. It appears that this property was agreed to be transferred to her by her husband in a property agreement executed in October, 1948, in the course of an unsuccessful reconciliation. The agreement itself was not in evidence, and the record does not disclose what its terms were nor the extent to which they have been executed, although from statements of counsel, it appears that some of the details remained to be consummated. Plaintiff's own evidence was conflicting as to whether the income was net or gross. National Mortgage Company, a Hawaiian concern which, as defendant's agent, had been in charge of the real property at the time of the property agreement, continued to manage her properties, and collected and distributed all of the income therefrom. Although plaintiff testified that none of the income was available for her use, her attempt to explain why was vague and inconclusive. She admitted that for an unspecified period of time prior to August, 1948, she had received $200 per month from National Mortgage Company, but only "through the generosity of the management." Her statement that there was no income left after expenses and taxes evidently was based on her experience during the time prior to the execution of the terms of the property agreement, when it appears that the net income from all of the real estate was accumulated by National Mortgage Company and used to pay defendant's income taxes, including certain delinquent taxes, as well as insurance premiums and $200 per month for support of defendant's indigent sister. We think it would be permissible to infer that plaintiff had substantial income resources which could be made available to her to supplement the allowance awarded by the court.

In view of the conclusions already reached, we need not review the evidence bearing upon defendant's ability to provide, other than to say that his earnings as a physician and

surgeon appear to be substantial. Since an allowance for pendente lite support rests upon necessity, defendant's financial status would be material only in determining the maximum amount which he is able to contribute toward plaintiff's necessary expenses, and has no other bearing upon the need for an allowance nor its amount. (*Loeb* v. *Loeb*, *supra*.) We are satisfied that the pendente lite allowance for support was not unreasonably small.

Plaintiff's final contention is that the court erroneously excluded evidence as to defendant's earnings in 1947. At best the evidence would have been merely cumulative. The ruling was not in error. No other grounds of reversal are urged.

The order is affirmed without prejudice to further proceedings in the trial court for the determination, as of February 28, 1949, of plaintiff's pending application for suit money and additional attorney's fees, or to a new application for such allowances.

Wood, J., and Vallée, J., concurred.