[Civ. No. 19815. Second Dist., Div. Three. May 13, 1954.]

ALICE ZALL, Appellant, v. MORTON ZALL, Respondent.

Brand Rosenthal, Norton & Miller for Appellant.

Levy, Bernard & Jaffe and Saul J. Bernard for Respondent.

WOOD (Parker), J.—Plaintiff sought an order, pendente lite, requiring defendant to pay to her $1,850 a month for the support of herself and three children.

The court made an order that defendant make payments as follows: $50 a week for support of plaintiff; and $75 a week for the support of the children. It was further ordered that defendant keep up the payments on the home,

on plaintiff's automobile, on all insurance, and on repairs for the house; and pay necessary bills for doctor and dentist, and pay taxes on the home. It was also ordered that he pay attorneys' fees in the amount of $2,000 and pay costs, including cost of depositions, at the rate of $200 a month; and pay the cost of auditing his books.

Plaintiff appeals from said order. She contends that the amounts awarded for the support of herself and the children were not adequate to maintain them in their accustomed standard of living; and that the court abused its discretion in awarding such inadequate amounts.

At the hearing of the order to show cause, in February, 1953, plaintiff testified that during the years 1951 and 1952 the defendant (a physician) spent an average of $2,700 a month for living expenses of the family. She also testified that some of the items included therein were: $520 a month, paid to her for groceries and maid; about $1,400 a month, paid to her by defendant, which she deposited in a bank so that she could pay by check for family living expenses; about $200 a month (in cash and merchandise), which she received from a pharmacy where defendant had a charge account; about $40 a month as cost of operating her automobile; about $400 a month for recreation for the family (including $200 for recreation at a country club); about $80 a month for payment on her automobile and cost of operating his automobile.

She also testified that the minimum amount necessary per month for the support of herself and the children is $1,850. She testified that some of the items included therein are: $350 for food; $60 for dairy products; $50 for her clothes; $75 for children's clothes; $200 for insurance; $100 for dentist; $50 for laundry; $40 for utilities; $100 for incidentals; $210 for maid and extra housework; $40 for children's dancing lessons; $100 for recreation; $200 for gardener and "a lot of things I have probably forgotten."

Defendant testified that his net income from his practice of medicine (after income taxes) for 1951 and 1952 was $19,645.75; he also received about $1,500 a year from an investment; his average monthly net income is $1,000; during those years it became necessary to cash savings bonds in the total amount of approximately $28,000 in order to pay living expenses; the bank deposits which plaintiff said she made during those years (about $1,400 a month) included the proceeds from the savings bonds and included money she received

as an inheritance; some of the extraordinary expenditures during said time were: $4,000 for a mink coat for her, $4,000 on the purchase of two automobiles, $2,000 for office furniture, $3,800 for home furniture, $3,000 as an investment, $500 for country club dues, and $1,000 donation for charity.

Under the order made herein defendant is required to pay about $500 a month for the support of plaintiff and children, and about $581 a month for other items included in the order; making a total of approximately $1,100. In addition to those items he agreed to pay certain unpaid bills in the amount of approximately $1,000 (or about $80 a month). Also under the order he is required to pay $200 a month on the attorneys' fees of $2,000 and the deposition costs of approximately $300. In other words, under the order and his agreement to pay unpaid bills, he must pay about $1,361 a month. The amount to be paid by him (in addition thereto) for auditing was not determined. His personal expenses are approximately $700 a month. Some of the items included therein are: $159 for rent and care of his apartment; $250 for food, laundry, etc.; $50 for recreation; and $280 for furnishings for his apartment. In addition thereto, he will be required to pay income taxes for the year 1953, which he estimates will be $4,000 (or about $333 a month).

Section 137.2 of the Civil Code provides: "During the pendency of any action for divorce . . . the court may order the husband . . . to pay any amount that is necessary for the support . . . of the wife . . . and for the support . . . of the children, as the case may be." In the present case the evidence was conflicting (1) as to the amounts necessary for the support of the wife and children, and (2) as to the ability of the husband to pay for their support. Those questions were, of course, questions of fact for the determination of the trial judge. Unless there was an abuse of discretion on the part of the trial judge in resolving those factual issues, this court will not disturb the order. (See *Ikuta* v. *Ikuta*, 97 Cal.App.2d 793, 795 [218 P.2d 858].) It is clear that no abuse of discretion was committed.

Although the notice of appeal states that the appeal is from the whole order made upon the hearing of the order to show cause, appellant has not discussed in her brief or at all the matters of attorneys' fees, auditor's fees or costs. No discussion of those matters is required in this opinion.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.