Filed 10/15/20  Marriage of Tearse CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re the Marriage of ANNE TEARSE and JAMES TEARSE. | |
| ANNE TEARSE,<br><br>        Appellant,<br><br>        v.<br><br>JAMES TEARSE,<br><br>        Respondent. | A156538<br><br>(San Mateo County<br>Super. Ct. No. FAM0122314) |

In this divorce proceeding, Anne Tearse appeals from an order dated December 20, 2018, contending the trial court abused its discretion and denied her due process in failing to award her need-based attorney fees. (Fam. Code, §§ 2030, 2032.[1])  We affirm.

## I.  BACKGROUND

A trial on the dissolution of the marriage of Anne and James Tearse commenced in July 2018.  Before trial, Anne sought $100,000 in attorney fees

---

[1] Subsequent unspecified statutory references are to the Family Code.

under sections 2030 and 2032 to retain experts.[2]  James requested an evidentiary hearing on the motion.  After holding a hearing on Anne's motion in August, the trial court issued an order in November denying both the motion and request for an evidentiary hearing.[3]  It concluded that while there was a disparity in the parties' incomes and Anne had a need for attorney fees, James's living expenses made him unable to pay the fees sought.  The court also found that an award of $100,000 in fees to retain experts was not reasonably necessary because Anne had already rested her case-in-chief at trial.  It further noted Anne did not file her motion until four days before the discovery cut-off date and did not seek to retain experts before that date.

On December 13, 2018, James's attorney, Vivian Kral, filed a declaration stating Anne had left her a message on December 12 with her intention to file an ex parte request for attorney fees the next day.  Kral stated in her declaration that Anne had not yet served her with the request and that James opposes any such request in any event.

On December 14, 2018, Anne submitted an ex parte request for an order of $100,000 in attorney fees needed to hire new counsel to prepare her

---

[2] Information on Anne's June 2018 request for attorney fees comes to us from the parties' separate motions to augment the record on appeal.  We granted in part Anne's request to augment as to the declaration of James Tearse filed in July 2018 in support of his opposition to the fee request.  We granted James's motion to augment as to (1) the declaration of his attorney, Vivian Kral, filed in July 2018 in support of the opposition to Anne's fee request; (2) James's supporting income and expense declaration filed in July 2018; and (3) the court's November 8, 2018 order denying the fee request.

[3] Anne has separately appealed from the denial of her first request for attorney fees.  (*Tearse v. Tearse*, A155541 consolidated on the parties' stipulation with A156019, apps. pending).)  She made no motion to consolidate this appeal with those appeals, even though they generally cover the same events and subject matter.  Nor was there any stipulated request by the parties to consolidate all three appeals.

closing arguments at trial, for living expenses, and to shorten the time to hear the request. Alternatively, Anne requested that she be given her share of the community's interest in James's ophthalmology business.[4]

Anne attached the declaration of her attorney, Ester Adut, who stated her recent illness and obligations to care for her disabled, elderly parents prevented her from performing her duties as counsel at trial. Anne also submitted her unsworn declaration and a recent income and expense declaration. In her declaration, Anne stated she needed $100,000 to hire a new attorney who was willing to represent her for the limited purpose of writing her closing arguments.

Several days after, Anne filed a notice of errata and submitted a spousal support declaration attachment and a request for attorney fees and costs attachment, which she omitted from her fee request.

---

[4] Based on our review of the record, it is ambiguous whether the request for an order, as filed with supporting declarations, included an application for an advance on community assets for living expenses *in addition to* an application for attorney fees. With the exception of a statement in Anne's unsworn declaration, her supporting papers do not address the issue of living expenses. In fact, in other documents such as the "Supporting Declaration Attachment for Attorney's Fees and Costs Attachment," "Request for Attorney's Fees and Costs Attachment," and "Spousal or Partnership Support Declaration Attachment," Anne indicated that, as an *alternative* to an order directing James to pay her attorney fees, she sought an advance on community assets nominally for living expenses but to be used for the same purpose as the requested money for attorney fees—to pay a new attorney. She did not check the box in the spousal support form indicating she was requesting spousal support. To the extent Anne was actually requesting support for living expenses, she fails to develop any argument on that issue on appeal and thus we consider it forfeited. (See *108 Holdings, Ltd. v. City of Rohnert Park* (2006) 136 Cal.App.4th 186, 193, fn. 3.)

On December 20, 2018, the trial court issued an order. A cover sheet to the order checks the boxes near the words, "Ex Parte Granted" and "No hearing to be set." In the order, the court wrote: "Time for Petitioner's written closing argument brief extended to 1/25/2019 based on family medical emergency of Petitioner's counsel. Petitioner's closing brief must be filed and served by 1/25/2019."[5] This appeal followed.

While this appeal was pending, Anne filed a motion for sanctions under rule 8.276 of the California Rules of Court, on the ground that James's counsel "made misrepresentations . . . in [the] Respondent's Brief." James filed an opposition.

## II. DISCUSSION

Section 2030 authorizes the trial court to order one spouse in a marital dissolution proceeding to pay all or some of the attorney fees and costs of the other spouse. (§ 2030, subd. (a)(1).) The statute's purpose is to ensure " ' "parity between spouses in their ability to obtain effective legal representation." ' " (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 866.) " 'A motion for attorney fees and costs in a dissolution action is addressed to the sound discretion of the trial court . . . .' " (*Ibid*.)

Although the trial court has discretion in determining an award of need-based attorney fees, " 'the record must reflect that the trial court actually exercised that discretion, and considered the statutory factors in

---

[5] The order also states, "Sanctions denied." It appears this is in response to Anne's request for sanctions made in connection with a request for adult child support. The court denied that request and the denial is pending appeal in this court. (*Tearse v. Tearse* (A157576, app. pending) (A157576).) We deny James's request that we take judicial notice of Anne's request for sanctions in A157576 because it is unnecessary for our resolution of the issues in this appeal.

4

exercising that discretion.' " (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 315, superseded by statute on another ground, as stated in *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1049.) "Thus, 'it is an abuse of discretion for trial courts to deny motions for pendente lite attorney fees . . . without considering the needs of the requesting spouse and the ability to pay of the spouse against whom the award is sought.' " (*In re Marriage of Cheriton*, *supra*, 92 Cal.App.4th at p. 315.)

Anne contends the trial court abused its discretion by failing to consider the parties' relative financial circumstances, make express findings on whether she was entitled to an award, and ultimately grant her request. James argues we need not reach the merits of Anne's appeal because the issues she raises are moot and her failure to obtain a ruling on her fee request forfeits her challenges on appeal. We address these preliminary questions.

## A. Mootness

California courts have long decided only live controversies and refused to issue "advisory" opinions. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573–1574.) A controversy becomes moot when an event occurs that renders it impossible for a court to grant a plaintiff any effectual relief, even if it were to rule in the plaintiff's favor. (*Id.* at p. 1574.)

Here, Anne sought contribution of $100,000 from James for prospective fees needed to hire an attorney to prepare her closing arguments for trial. James argues that the trial court's subsequent entry of judgment in the underlying action renders the issues in this appeal moot. Anne counters that the judgment is the subject of a separately pending appeal (*Tearse v. Tearse* (A158068, app. pending)), and if reversed, may result in a new trial, at which

5

time she will need attorney fees to fund legal expenses associated with trial. We agree with Anne that there remains a justiciable controversy here, given the judgment is pending appeal and a reversal is still possible.

The next threshold question is whether the trial court's response, or lack thereof, in its December 20, 2018 order to Anne's request for attorney fees should be characterized as a failure to rule or a denial. The parties offer us differing views. We summarize each of these possible interpretations, none of which leads to a conclusion of reversible error.

## B. Absence of a Ruling and Forfeiture

James contends the trial court did not rule on Anne's request for fees because there is no express ruling on the issue within the December 20, 2018 order. James argues without a ruling, "there is nothing before the court on the subject, upon which we can pass." (*Hege v. Worthington, Park & Worthington* (1962) 209 Cal.App.2d 670, 684.) He also relies on *Ikuta v. Ikuta* (1950) 97 Cal.App.2d 793, a marital dissolution case also involving an order that was silent on an issue of attorney fees requested by the plaintiff. (*Id.* at p. 795.) The court explained, "Since an award of attorney's fees or suit money was a matter independent of the other issues before the court, it was necessary for the court to rule upon the questions thus tendered. . . . In the absence of record evidence of a decision the remarks of the court do not amount to the adjudication which the parties are entitled to expect and which the law requires, and cannot supply the deficiencies of the order." (*Ibid.*) It thus concluded, "Since no adjudication was made as to these matters there is nothing before us for review." (*Ibid.*)

Here, as in *Hege* and *Ikuta*, the court's December 20, 2018 order is silent on the issue of attorney fees. Thus, according to James, the court did not rule on the issue, and Anne was required to press for a ruling or risk

6

forfeiting the issue for purposes of appeal. (See *People v. Cunningham* (2001) 25 Cal.4th 926, 984 [defendant's "failure to press for a ruling [on motion to sever] waives the issue on appeal"]; *People v. Obie* (1974) 41 Cal.App.3d 744, 750, disapproved on another ground in *People v. Rollo* (1977) 20 Cal.3d 109, 120, fn. 4 [" '[Where] the court, through inadvertence or neglect, neither rules nor reserves its ruling . . . the party who objected must make some effort to have the court *actually rule*. If the point is not pressed and is forgotten, [the party] may be deemed to have waived or abandoned it, just as if he had failed to make the objection in the first place.' "].) If James is correct that the court did not rule on Anne's fee request, her failure to press for a ruling forfeits her challenges on appeal. We nonetheless proceed with the analysis.

**C. Denial of the Fee Request**

Anne, by contrast, maintains that the trial court in its December 20, 2018 order "disregarded [her] request for fees, thereby denying it." She contends the court did not exercise the discretion vested in it under sections 2030 and 2032 by failing to consider, and provide express findings on, the merits of her fee request. As a result, she construes the order as an implied denial of her request and contends the denial was an abuse of discretion.

In determining whether an award of fees under this statute is appropriate, "the court shall make findings on . . . whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties." (§ 2030, subd. (a)(2).) This provision "requires the court to make express findings—that is, findings stated in words, either in writing or orally on the record." (*In re Marriage of Morton, supra*, 27 Cal.App.5th at p. 1050.)

It is undisputed the December 20, 2018 order does not address the issue of attorney fees, much less contain the required express findings. But

7

even if we assume the order does not reflect the court's consideration of the appropriate statutory factors, we see no prejudice. (See *In re Marriage of Morton*, *supra*, 27 Cal.App.5th at p. 1051; Cal. Const., art. VI, § 13.) The appellant has the burden of establishing prejudice "by showing there is 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.'" (*In re Marriage of Morton*, at p. 1051.) The failure to make express findings is harmless unless "the missing information is not otherwise discernible from the record." (*In re Marriage of Hubner* (2001) 94 Cal.App.4th 175, 183.)

Here, any error was harmless because the omitted findings can be discerned from the record. The December 20, 2018 order was preceded by the trial court's November 8, 2018 order, which addressed a prior request for attorney fees under section 2030. Anne requested the court to order James to advance Anne $100,000 in attorney fees so that she could retain experts. After holding a hearing on the request, the court denied the fee request.

The November 2018 order shows the court considered the parties' relative financial circumstances. (§ 2030, subd. (a)(2).) Specifically, the court noted Anne's gross monthly income was $6,918, after adding her monthly income of $3,380 as a teacher and child and spousal support payments. The court also noted James's average gross monthly income from self-employment was $30,007. James inherited approximately $175,000, which he used to pay a portion of his attorney fees then totaling over $325,000.

The court further determined James had incurred monthly expenses of $12,255. Using his average gross monthly income of $30,007, the court found James's net monthly income was just enough to pay his monthly expenses, which included half of the mortgage on the home he does not occupy and rent for his own living expenses. The court concluded that while there was a

disparity in income between the parties and Anne established a need for attorney fees, James's "income after payment of support and living expenses is not sufficient to pay the $100,000 in attorney's fees requested." (§ 2030, subd. (a)(1)–(2).)

Additionally, the trial court considered if the award of fees was " 'reasonably necessary' to level the playing field." (§ 2030, subd. (a)(1).) Trial was ongoing at that time, and Anne had rested her case-in-chief. "[G]iven this procedural posture," the court did not find that "any amount of fees to retain experts at this juncture would be a reasonable expenditure." The court also noted Anne brought her request just four days before the discovery cut-off date and had not retained any experts or sought fees to do so before the request.

Anne's request for attorney fees at issue here is essentially repetitive of her prior motion. Her second request did not indicate that the parties' relative financial circumstances had changed since the denial of the first request. Although Anne noted her monthly income decreased after taking a leave of absence from her job in July 2018, that development merely reinforced the parties' income disparity, a factor the court previously considered. As to James's ability to pay, Anne listed assets that James provided in earlier financial documents, including his July 2018 income and expense declaration that the court relied upon in denying the prior motion. Anne also did not show James's expenses had changed. According to his attorney, James owed over $100,000 in fees as of December 2018, an increase since July 2018.

Anne thus did not show the parties' relative financial circumstances had changed before filing a new fee request. In addition to the parties' unchanged circumstances, there were no developments in the litigation itself

9

between the written order denying Anne's first fee request and the filing of her second request. Pending the submission of closing briefs, trial had concluded on October 11, 2018. Given these circumstances, it is not reasonably probable that the court would have granted Anne's second request.

The situation is similar to that in *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964. The appellant argued the trial court erred by denying her motion for attorney fees because it denied the motion as untimely and failed to consider the relative financial circumstances of the parties. (*Id.* at pp. 975–976.) The court noted that the appellant's motion was made at the " '11th hour' " and was repetitive of a prior motion. (*Id.* at p. 976.) The appellant failed to establish that the parties' relative financial circumstances had changed since her prior motion had been denied. (*Ibid.*) Thus, the court held "[i]t is not irrational to deny a repetitive motion in unchanged circumstances." (*Ibid.*) That principle equally applies here.

When considering whether the fees sought were "reasonably necessary," it also is not reasonably probable Anne would have received a more favorable outcome. (§ 2030, subd. (a).) "Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances." (§ 2032, subd. (b).) " 'Although application of the relative circumstances standard . . . may warrant a pendente lite fees and costs award, the amount is limited by a "reasonably necessary" standard.' " (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 255, italics omitted; § 2030, subd. (a).)

Anne makes no attempt to show that, had the trial court considered this additional factor, it would have awarded her $100,000 in attorney fees.

Other than stating "the judgment is extremely unfavorable to [her]," Anne does not demonstrate the court overlooked relevant evidence or misunderstood applicable law, such that the absence of a closing brief prejudiced her ability to maintain her case. To the contrary, the record suggests the court was readily familiar with the parties' arguments, evidence, and conduct. For example, in connection with Anne's prior fee request, James requested an evidentiary hearing, which the trial court denied. It explained live testimony was unnecessary for its evaluation of the attorney fees issue, stating: "both parties have already offered substantial testimony in this action[;] each party's version of the material facts in controversy have been fully articulated in their pleadings . . . [;] each party has already been subject to cross-examination on similar issues at prior hearings in this action . . . [;] and based on the conduct of prior hearings in this action the court finds that there is a substantial likelihood that setting an evidentiary hearing on attorney's fees would result in the parties collectively incurring more fees than the court is likely to award . . . ."

We thus do not see how the court would have found an award of $100,000 in fees for preparing arguments to be reasonably necessary to ensure parity between the parties. If, as Anne contends, the court denied her fee request, she has not demonstrated prejudice. For this reason, we also reject Anne's contention regarding the use of her interest in community property as a source of payment of attorney fees.

In sum, under any reasonable interpretation of the record, Anne fails to establish reversible error. [6]

---

[6] In light of our conclusion, we need not address James's argument that the procedural defects of Anne's ex parte request provide an additional basis for affirmance.

### D. Due Process Challenges

Anne next argues the trial court deprived her of due process when it denied her request for attorney fees without holding a hearing and considering the merits of the request. She also maintains that the denial in turn prevented her from presenting closing arguments and "having her day in court." Again, we disagree.

Anne assumes that the trial court must hold a separate oral hearing whenever a request under section 2030 is made. But the statute does not specify if a hearing is required. (§§ 2030, 2032.) Generally, the decision to listen to oral argument on a motion is within the discretion of the court, and the court may decide a motion solely on the supporting affidavits. (*In re Marriage of Lemen* (1980) 113 Cal.App.3d 769, 784.) "Due process requires the *opportunity* to be heard, rather than an actual hearing." (*Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1167; see *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 178–179 ["the opportunity to be heard does not necessarily compel an oral hearing"].)

We need not decide if Anne was entitled to a hearing. Even if we assume that Anne was denied an opportunity to be heard, reversal is not required. Anne contends that the court's errors amounted to " ' "structural error" ' " that is " ' "reversible per se." ' " Structural errors are those that "affect 'the framework within which the trial proceeds, rather than simply an error in the trial process itself,' thus affecting the entire conduct of the trial from beginning to end." (*Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 950.) "Structural errors require per se reversal 'because it cannot be fairly determined how a trial would have been resolved if the grave error had not occurred.' " (*Ibid*.) By contrast, trial errors that "can be fairly examined in the context of the entire record . . . are amenable to

harmless error review." (*People v. Anzalone* (2013) 56 Cal.4th 545, 554; see *In re James F.* (2008) 42 Cal.4th 901, 915.) Here, the harmless error analysis applies because determining prejudice can be assessed in the context of other evidence in the record.

As we discussed above, even in the absence of error, the court would not have reached an outcome more favorable to Anne. Anne's fee request was repetitive of a prior motion which the court denied after holding a hearing and thoroughly considering the factors in section 2030. We also determined above that, given the court's familiarity with the evidence and arguments in this case, it would not have found that awarding $100,000 in fees to Anne to hire an attorney to prepare closing arguments was reasonably necessary.

We also reject Anne's contention that the denial of her fee request further deprived her of due process because it prevented her from presenting closing arguments. Anne does not establish any constitutional or statutory right to present closing argument. In a civil proceeding tried before the court without a jury, oral argument " 'is a privilege, not a right, which is accorded to the parties by the court in its discretion.' " (*Gillette v. Gillette* (1960) 180 Cal.App.2d 777, 781.) In any event, although the court declined to award Anne attorney fees, it did not deny her the opportunity to present her closing arguments. Anne was given extra time to submit arguments in writing, but chose not to do so. Moreover, other than stating the judgment is disadvantageous to her, Anne has not shown, on this record,[7] that she would

_____

[7] When asked about this at oral argument, Anne referred to her pending appeal of the judgment that was entered following trial (*Tearse v. Tearse* (A158068, app. pending)) and suggested for the first time that this appeal ought to be consolidated with that separate appeal. No motion to consolidate having been made, we will not entertain arguments made for the first time at oral argument or outside the record of this appeal.

have obtained a more favorable result if she had the ability to submit a closing brief.

### E. Anne's Remaining Contentions

Finally, Anne argues the December 21, 2018 order is void because the judge who issued the order subsequently recused herself from the case. The record on appeal does not contain any documents concerning this issue. Anne's failure to provide an adequate record on the issue requires us to resolve it against her. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

### F. Anne's Motion for Sanctions on Appeal

While this appeal was pending, Anne filed a motion for sanctions under rule 8.276 of the California Rules of Court, on the ground that James's counsel "made misrepresentations . . . in [the] Respondent's Brief." We deny the motion. Anne fails to establish that any statements in the respondent's brief rise to an unreasonable violation of the California Rules of Court or any of the other grounds of sanctionable conduct. (Cal. Rules of Court, rule 8.276, subd. (a).)

## III. DISPOSITION

The court's December 20, 2018 order is affirmed. James is entitled to his costs on appeal.

STREETER, Acting P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.

14